ELLIOTT–WILLIAMS CO.,
INC., Petitioner,

v.

Manuel DIAZ and Irma Julieta
Diaz, Respondents.

No. 98–1100.

Supreme Court of Texas.

Argued Oct. 10, 1999.

Decided Dec. 16, 1999.

Bobbie Marie Guerra, Wayne Windle, John C. Steinberger, El Paso, for Petitioner.

Jose Juarez, Edward W. Dunbar, El Paso, for Respondents.

Justice BAKER delivered the opinion of the Court.

The issue in this case is whether a general contractor retains control over a subcontractor's work, thereby incurring liability for the subcontractor's negligence that injures a third party, when the general contractor does nothing more than enter into a contract with the premises owner obligating it to be responsible for its employees' and contracted employees' actions. We conclude that the general contractor did not thereby retain control over its independent contractor's work, and that the general contractor does not owe the injured third party a duty under these circumstances. Accordingly, we reverse the court of appeals' judgment and render judgment for the general contractor.

## I. BACKGROUND

Elliott–Williams contracted with the U.S. Army and Air Force Exchange Systems (AAFES) to install a freezer at Fort Bliss, Texas. The Elliott–Williams/ AAFES contract required Elliott–Williams to install the freezer. But Elliott–Williams subcontracted with its manufacturer-representative, James R. Lingle & Associates, to install the unit. The Elliott–Williams/ AAFES contract provided that Elliott– Williams was the sole contractor and was "fully responsible for the actions of all employees and contracted representa-

tives." Moreover, the contract also required Elliott–Williams to indemnify AAFES for consequential damages "and injury to person or property proximately caused by action or inaction attributable" to Elliott–Williams.

AAFES contracted with Industrial Air Systems (IAS) to perform other construction at Fort Bliss. IAS hired Manuel Diaz to do some of this work. While Diaz was installing a sink, panels of the Elliott–Williams freezer that Lingle installed fell and injured Diaz.

Diaz sued Elliott–Williams alleging common-law negligence, respondeat superior for Lingle's acts, and strict liability in tort. Diaz also sued Lingle and the F.T. James Construction Company. James was responsible for unloading the freezer panels and allegedly left the panels in a freestanding and unsupported position. The trial court severed Diaz's suit against Lingle from his suit against Elliott–Williams and James. Diaz later nonsuited James with prejudice. Elliott–Williams moved for summary judgment asserting that the Elliott–Williams/AAFES contract did not impose on Elliott–Williams a legal duty to Diaz. The trial court granted summary judgment for Elliott–Williams on the ground that Elliott–Williams did not owe a duty to Diaz.

The court of appeals determined that Elliott–Williams retained control over Lingle's work under its contract with AAFES. Accordingly, the court of appeals reversed the trial court's summary judgment for Elliott–Williams and remanded the case for trial. 974 S.W.2d at 918.

Here, Diaz concedes that Elliott–Williams did not exercise actual control over Lingle's installation of the freezer, and that no Elliott–Williams employees were on the job site when he was injured. But Diaz asserts that the AAFES contract obligated Elliott–Williams to control Lingle's work and thus, Elliott–Williams owes a duty to Diaz.

## II. SUMMARY JUDGMENT— STANDARD OF REVIEW

■■■ A party moving for summary judgment must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of its cause of action or defense as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–223 (Tex.1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). The defendant as movant must disprove at least one of the essential elements of the plaintiff's causes of action to prevail on summary judgment. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). On appeal, the defendant still bears the burden of showing that there are no genuine fact issues and that it is entitled to judgment as a matter of law. *See Rhone–Poulenc*, 997 S.W.2d at 223.

■■■ Contract construction is a matter of law for the trial court. *See Edwards v. Lone Star Gas Co.*, 782 S.W.2d 840, 841 (Tex.1990). A court's primary concern is to ascertain and give effect to the parties' intentions as expressed in the instrument. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994).

## III. APPLICABLE LAW

■■■ A general contractor normally does not have a duty to see that an independent contractor performs work safely. *See Hoechst–Celanese Corp. v. Mendez*, 967 S.W.2d 354, 356 (Tex.1998); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985); *Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex.1976). But a duty may arise when a general contractor retains "some control over the manner in which the independent contractor's work is performed." *See Mendez*, 967 S.W.2d at 356 (citing *Redinger*, 689 S.W.2d at 418). The general contractor's duty of care is commensurate with the control it retains over the contractor's work. *See Mendez*, 967 S.W.2d at 355. If the general contractor has no control over the independent con-

tractor's work, then a legal duty does not arise. *See Abalos,* 544 S.W.2d at 631.

But actual control is not the only way a general contractor can retain control over an independent contractor. A contract may impose control upon a party thereby creating a duty of care. *See Pollard v. Missouri Pac. R.R.,* 759 S.W.2d 670 (Tex.1988); *Tovar v. Amarillo Oil,* 692 S.W.2d 469, 470 (Tex.1985); *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 589 (Tex. 1964). If the right of control over work details has a contractual basis, the circumstance that no actual control was exercised will not absolve the general contractor of liability. *See Pollard,* 759 S.W.2d at 670; *Newspapers, Inc.,* 380 S.W.2d at 589. It is the right of control, and not the actual exercise of control, which gives rise to a duty to see that an independent contractor performs work in a safe manner. *See Pollard,* 759 S.W.2d at 670; *Newspapers, Inc.,* 380 S.W.2d at 589; *see also Lawson–Avila Const., Inc. v. Stoutamire,* 791 S.W.2d 584, 589 (Tex.App.—San Antonio 1990, writ denied).

For a general contractor to be liable for its independent contractor's acts, it must have the right to control the means, methods, or details of the independent contractor's work. *See Coastal Marine Serv. of Tex., Inc. v. Lawrence,* 988 S.W.2d 223, 226 (Tex.1999); *Welch v. McDougal,* 876 S.W.2d 218, 222 (Tex. App.—Amarillo 1994, writ denied); *Tirres v. El Paso Sand Prod., Inc.,* 808 S.W.2d 672, 676 (Tex.App.—El Paso 1991, writ denied). Further, the control must relate to the injury the negligence causes, and the contract must grant the contractor at least the power to direct the order in which work is to be done. *See Coastal,* 988 S.W.2d at 226.

The Restatement (Second) of Torts specifically outlines the degree of control necessary to create a duty:

> [T]he employer must have retained at least some degree of control over the manner in which the work is done. It is

not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

*See* Restatement (Second) Of Torts § 414 cmt. c (1965); *see also Mendez,* 967 S.W.2d at 356.

## IV. ANALYSIS

Diaz has never contended that Elliott–Williams's contract with Lingle to install the freezer furnishes the control necessary for Elliott–Williams to owe a duty to Diaz. Nor does Elliott–Williams argue that the lack of control in its contract with Lingle is dispositive. The parties only dispute whether the Elliott–Williams/AAFES contract requires Elliott–Williams to control Lingle's work thereby creating a duty on the part of Elliott–Williams to exercise that control reasonably. Diaz focuses on the language in the AAFES contract that requires Elliott–Williams to be "fully responsible for the actions of all employees and contracted representatives." We disagree with Diaz's interpretation of the contract.

The Elliott–Williams/AAFES contract does not require Elliott–Williams to retain control over the means, methods, or details of Lingle's work. It requires only that Elliott–Williams be responsible to AAFES for Lingle's work. *See* Restatement (Second) Of Torts § 414 cmt. c (1965); *see also Mendez,* 967 S.W.2d at 356.

Construing the contract as a matter of law, as we must, we conclude that the parties' intent requires Elliott–Williams to take financial responsibility for any claims

against AAFES arising out of Elliott–Williams's or its contractors' actions. We hold that the AAFES contract does not impose liability on Elliott–Williams for Diaz's injury because it does not require Elliott–Williams to control the means, methods, or details of Lingle's work. *See also Koch Ref. Co. v. Chapa*, 11 S.W.2d 153 (Tex.1999) (per curiam).

### V. CONCLUSION

We conclude that the Elliott–Williams/AAFES contract did not obligate Elliott–Williams to control Lingle's installation of the freezer. Therefore, Elliott–Williams owed no duty to Diaz. Accordingly, we reverse the court of appeals' judgment and render judgment for Elliott–Williams.