Opinion issued April 17, 2003






 
 


 


In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01149-CV




FRANCISCO GONZALEZ, Appellant

V.

PIN OAK INTERESTS, L.L.C. AND 
BAIAMONTE CUSTOM HOMES, INC., Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2000-56703A




MEMORANDUM OPINION

          Appellant, Francisco Gonzalez, appeals a summary judgment in favor of
appellees, Pin Oak Interests, L.L.C. (“Pin Oak”) and Baiamonte Custom Homes, Inc.
(“Baiamonte”). Gonzalez was paralyzed while working as a subcontractor on a
framing project for construction of a town home project owned by appellees. 
Gonzalez sued appellees, alleging they were negligent and had a duty to use ordinary
care and to protect, guard, and warn of unreasonably dangerous conditions on the
premises. 
          Appellees each filed motions for summary judgment contending they owed
Gonzalez no duty. The trial court granted both appellees’ motions. 
          In his sole point of error, appellant asserts that the trial court erred in granting
summary judgment because appellees retained supervisory control and therefore had
a duty to provide a safe work place.
          We affirm.
Background
          Appellant was permanently paralyzed on September 28, 2000, when he fell
three stories through an unprotected window or door opening to the ground. The
accident occurred at a construction site owned by Baiamonte and Pin Oak; both
companies were participating in a joint venture to build town homes. In addition to
owning the construction site, appellees also acted as the general contractor.
          Appellees hired various subcontractors to handle portions of the building
project. Chris Kuhasz Construction (Kuhasz) was hired to frame the town homes. 
In turn, Kuhasz hired Darren Dial and Noel Merino to work on the framing project. 
Appellant was an employee of Dial and Merino.
Standard of Review
          A traditional summary judgment motion brought under Rule 166a(c) is proper
only when the movant establishes that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall’s
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). In reviewing a
summary judgment, we indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson v.
B Four Corp., 888 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
We take all evidence favorable to the non-movant as true. Johnson, 891 S.W.2d at
644; Lawson, 888 S.W.2d at 33. As movant, the defendant is entitled to summary
judgment if the evidence disproves, as a matter of law, at least one element of each
of the plaintiff’s causes of action or conclusively establishes each element of an
affirmative defense. Friendswood Dev. Co. v. McDade & Co., 926 S.W.2d 280, 282
(Tex. 1996).Analysis
          In his sole point of error, appellant asserts that the trial court erred in granting
summary judgment because a fact issue exists as to whether appellees owed a duty
to appellant to provide a safe work environment. Appellant contends that appellees
did owe appellant such a duty because appellees retained actual and contractual
supervisory control over the premises.
          Whether appellees owed appellant a duty is governed by the law concerning
a general contractor’s duties to a subcontractor’s employees.


 Koch Ref. Co. v.
Chapa, 11 S.W.3d 153, 155 n. 1 (Tex. 1999) (“A general contractor owes the same
duty as a premises owner to an independent contractor’s employee.”). In this context,
there are two categories of premises defect cases: (1) defects existing on the premises
when the independent contractor entered; and (2) defects the independent contractor
created by its work activity. Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988
S.W.2d 223, 225 (Tex. 1999). Appellant argues that appellees are subject to liability
under the second category.
          Generally, an owner or occupier does not have a duty to see that an
independent contractor performs work in a safe manner. Hoechst-Celanese Corp. v.
Mendez, 967 S.W.2d 354, 356 (Tex. 1998). However, a duty may arise when the
general contractor retains some control over the manner in which the independent
contractor performs the work. Id. For liability to attach, the employer’s role must be
more than a general right to order the work to start or stop, to inspect progress or
receive reports, to make suggestions or recommendations, or to prescribe alterations
or deviations. Id. (citing Restatement (Second) of Torts § 414 cmt. c. (1965)).
          The right to control can be proven by either (1) evidence of a contractual
agreement that explicitly assigns the premises owner a right to control, or (2)
evidence that the premises owner actually exercised control over the manner in which
the independent contractor’s work was performed. Koch, 11 S.W.3d at 155. 
Appellant asserts that appellees retained the contractual right to control and that
appellees actually exercised control over appellant.
A.      Contractual Right to Control
          A contract may impose control upon a party thereby creating a duty of care. 
Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 804 (Tex. 1999). Even when there is a
contractual right to control, not exercising that right will not absolve the general
contractor of liability. Id. A general contractor will be liable for its independent
contractor’s acts when it retains the right to control the means, methods, or details of
the independent contractor’s work. Id. The control must also relate to the injury the
negligence causes, and the contract must grant the contractor at least the power to
direct the order in which work is to be done. Id. Determining whether a contract
gives a right of control is generally a question of law for the court. Lee Lewis
Constr., Inc. v. Harrison, 70 S.W.3d 778, 783 (Tex. 2001). 
          In Dow Chemical Co. v. Bright, Bright, an independent contractor who was
injured on the job, sued Dow claiming that Dow was negligent in providing safe work
premises. 89 S.W.3d 602, 605 (Tex. 2002). Bright asserted that Dow owed a duty
to provide safe work premises because Dow both retained a contractual right to
control and exercised actual control over the premises. Id. Bright argued that Dow
retained a contractual right to control the premises because Dow required its
independent contractors to comply with Dow’s safety rules and regulations. Id. at
607. The construction contract required the contractor to take necessary precautions
for the safety of its employees, to comply with Dow’s safety rules and regulations,
and to comply with all applicable provisions of the federal, state and municipal safety
laws and building codes. Id. at 606. The contract further stated that the contractor
was an independent contractor, assuming all rights, obligations and liabilities
applicable to it as an independent contractor. Id. at 606-07. It further provided that 
any contractual provisions which may have appeared to give Dow the right to direct
the contractor as to details of doing the work or to exercise a measure of control over
the work were to follow the desires of Dow in the results of the work only. Id. at 607.
          The court held that these contract terms did not impose a duty of care upon
Dow. Id. The contract did not delegate to Dow the right to control the means,
methods, or details of contractor’s work, or grant Dow the power to direct the order
in which contractor’s work should be done. Id. Therefore, there was no contractual
right to control by Dow, imposing a duty of care. 
          Here, appellant contends that appellees contractually owed a duty to ensure that
appellant performed his work in a safe manner because appellees required
subcontractors to follow appellant’s safety rules and regulations, as well as state and
federal regulations. Appellant quotes portions of paragraphs 7, 16, 19, and 35 of the
base contract and paragraphs 1 and 7 of Attachment B to the contract in support of
this contention. Additionally, appellant contends that the contract gives appellees a
great amount of supervisory control over the subcontractor’s performance of work
and implementation of safety regulations. Appellant quotes portions of paragraphs
3, 5, 12, 15, 30, 31, and 35 of the base contract, 16 and 25 of Attachment A, and 2,
3, and 11 of Attachment B in support of this contention. 
          After reviewing all of the aforementioned paragraphs, we find that, like the
contract in Dow, the contract here did not delegate to appellees the right to control the
means, methods, or details of appellant’s work, nor did it grant appellees the power
to direct the order in which appellant’s work should be done. See Dow, 89 S.W.3d
at 607.
B.      Actual Exercise of Control
          A premises owner who actually exercises control over a contractor’s work may
be subject to direct liability for negligence. Koch, 11 S.W.3d at 155. However,
“merely exercising or retaining a general right to recommend a safe manner for the
independent contractor’s employees to perform their work is not enough to subject
a premises owner to liability.” Id. (citing Restatement (Second) of Torts § 414 cmt.
(1965)). The control must also relate to the injury that the negligence causes. Elliott-Williams, 9 S.W.3d at 804. Additionally, if a premises owner exercises control by
requiring a subcontractor to comply with its safety regulations, the premises owner
owes the subcontractor’s employees a narrow duty of care that its safety requirements
and procedures do not unreasonably increase the probability and severity of injury. 
Hoechst-Celanese, 967 S.W.2d at 358.
          In Dow, Bright asserted that Dow retained actual control. See Dow, 89
S.W.3d at 607. In support of this argument, Bright asserted that (1) Dow could have
stopped Bright’s work if it had known of a safety hazard; (2) Dow should have
refused to issue a safe work permit; (3) Dow should have issued a safety rule
regarding securing the pipes; (4) Dow required contractors to report names of persons
fired for safety infractions, required attendance at a safety meeting and had a Safety
Incentive Program rewarding contractors; (5) Dow retained authority over the timing
and sequence of work being done by independent contractors; and (6) Dow issued
safety manuals and standards that contractors were required to read and follow. Id.
at 607-10. 
          In holding that none of these arguments satisfied the requirement that Dow
retained an actual right to control, the court found as follows. Id. at 611. It is not
enough that the premises owner has merely a general right to order the work stopped. 
Id. at 607-08. Having a safe work permit system does not unreasonably increase the
probability and severity of injury. Id. at 608. Failure to implement a safety rule is not
actual control. Id. at 609. Requiring reports of contractors fired for safety
infractions, requiring attendance at safety meetings, and having a safety incentive
program do not constitute safety regulations that increase the risk or severity of
injury. Id. There must be more than the retention of authority over the timing and
sequence of work; there must be evidence that the general contractor actually
controlled the timing and sequence of work. Id. Finally, mere promulgation of safety
policies does not establish actual control. Id. at 611.
          Appellant asserts that the deposition testimony of Guion Roberts, appellees’
superintendent, supports his contention that appellees had an actual right of control. 
Appellant points to testimony in which Roberts stated that (1) he thought he had the
authority to fire subcontractors, including when the subcontractor was working
unsafely, and (2) if he had seen unprotected openings, he might have mentioned to
the foreman that a barricade was needed. Appellant also asserts that the affidavit of
J. Roger Craddock, an expert in accident investigation matters, and the testimony of
Kuhasz are evidence that appellees maintained supervisory control. Craddock’s
conclusions that appellees had a responsibility to ensure that the construction site
was safe and that appellees’ failure to do so directly caused appellant’s injuries are
based on his review of the contract and Roberts’ testimony. 
          Determining whether a contract gives a right of control is generally a question
of law for the court. Lee Lewis, 70 S.W.3d at 783. Kuhasz testified that he was not
aware that safety was his sole responsibility and that if appellees had recommended
he install a barrier, he would have done so. We do not agree with appellant that either
Craddock’s or Kuhasz’s testimony supports his contention that appellees’ had actual
control over the premises. 
          Appellant also asserts that appellees retained actual control based on the fact
that appellees could have stopped appellant’s work had it known of the safety hazard. 
We disagree. It is not enough that the premises owner has merely a general right to
order the work stopped. Dow, 89 S.W.3d at 607-08. In Dow, the court stated that
“we have never concluded that a general contractor actually exercised control of a
premises where . . . there was no prior knowledge of a dangerous condition and no
specific approval of any dangerous act.” 89 S.W.3d at 609. Here, there is no
evidence to indicate that appellees knew of the dangerous condition before
appellant’s injury occurred or approved of acts that were dangerous or unsafe. 
          Appellant’s first point of error is overruled.             
           
Conclusion

          No fact issues exist about the extent of contractual or actual control retained
by appellees. Accordingly, we affirm the judgment of the trial court.
 
 
                                                             Laura C. Higley 
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.