IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00063-CV

 

Joyce Shelby,

                                                                      Appellant

 v.

 

Granbury Care Center,

                                                                      Appellee

 

 

 



From the 236th District Court

Tarrant County, Texas

Trial Court No. 236-203080-03

 



MEMORANDUM  Opinion



 

Appellant Joyce Shelby brings this appeal
contesting the trial court’s granting of summary judgment in favor of Appellee
Creative Solutions in Healthcare d/b/a Granbury Care Center (Granbury).   

We will affirm the judgment of the trial court.

BACKGROUND

          In November of 2002, Granbury entered into a contract with Vitas
Healthcare of Texas, L.P. (Vitas) in which Vitas agreed to provide nursing
services for Granbury’s hospice patients.  Shelby was employed by Vitas to
provide nursing services at Granbury.  On February 7, 2003, Shelby was injured
at Granbury while attempting to transfer a patient, who weighed over 300
pounds, from his bed to a wheelchair.  Shelby requested that a Granbury
employee assist her in transferring the patient, but she did not receive any
assistance.  

Shelby
filed suit, claiming Granbury was negligent in failing to assist her in
transferring the patient and in failing to provide adequate employees to take
care of Granbury patients.  Granbury moved for summary judgment, asserting that
it did not owe a duty to Shelby.  The trial court granted the motion, and Shelby appeals that judgment.  The issue on appeal is whether a premises owner owes a duty
of care to an independent contractor’s employee.

STANDARD OF REVIEW

 








We review the decision to grant or deny a
summary-judgment motion de novo.  See Provident Life &
Accident Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The standards
for reviewing a traditional motion for summary judgment are well
established.  Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985).  The movant has the burden of showing that no genuine issue
of material fact exists and that it is entitled to summary judgment as a matter
of law.  American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco
2001, pet. denied).  The reviewing court must accept all evidence
favorable to the non-movant as true.  Nixon, 690 S.W.2d at 549; Ash,
54 S.W.3d at 413.  Every reasonable inference must be indulged in favor of
the non-movant and all doubts resolved in her favor.  American Tobacco,
951 S.W.2d at 425; Ash, 54 S.W.3d at 413.  A defendant who conclusively
negates at least one of the essential elements of a cause of action is entitled
to a summary judgment as to that cause of action.  Randall's Food Mkts.,
Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995) (citing Wornick Co. v.
Casas, 856 S.W.2d 732, 733 (Tex. 1993), and Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970)).

APPLICABLE LAW

          As a general rule, a premises owner
does not have a duty to ensure that an independent contractor performs work in
a safe manner.[1]  See
Elliott-Williams Co., Inc. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999); Redinger
v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985); Abalos v. Oil Dev. Co.,
544 S.W.2d 627, 631 (Tex. 1976).  However, a duty may arise when the premises
owner retains some control over the independent contractor’s work.  Redinger,
689 S.W.2d at 418; Restatement
(Second) of Torts § 414 (1965).  “Right to control
may be shown by explicit contractual assignment or actual exercise of control.”  Shell Oil Co. v. Khan, 138
S.W.3d 288, 292 (Tex. 2004).  “Generally, the
former is a question of law for the court and the latter a question of fact for
the jury.”  Id.  

          Contractual Right to Control

“A contract may impose control upon a party thereby creating a
duty of care.”  Elliott-Williams, 9 S.W.3d at 804.  The fact that actual
control was not exercised will not preclude liability on the part of the premises
owner if a contract provides for his control over the independent contractor’s
work.  See id.  To establish that a premises owner retained control over
an independent contractor’s work pursuant to a contract, the contract must
dictate the means, methods, or details of the independent contractor's work.  See
id.  Further, the comments to Section 414 of the Restatement (Second) of
Torts state that
for one to impose its control such that it owes a duty of care to others: “[i]t
is not enough that he has merely a general right to order the work stopped or
resumed, to inspect its progress or to receive reports, to make suggestions or
recommendations which need not necessarily be followed, or to prescribe
alterations and deviations.”  Restatement (Second) of Torts § 414 (1965).  Rather,
the premises owner must retain such control over the work that the independent contractor
is not “entirely free to do the work in his own way.”  Id.

The contract between Granbury and Vitas stated
that Vitas would provide Facility Room and Board Services to Granbury’s hospice
patients.  The contract further provided that the parties would “cooperate with
each other in reviewing the quality and appropriateness of ... Facility Room
and Board Services.”  The contract defined “Facility Room and Board Services”
as personal care services for hospice patients including, but not limited to,
assisting in activities of daily living such as mobility, ambulation, and
transferring.  This is the only mention in the contract of transferring or
moving patients.  Granbury did not prescribe the means, methods, or details of
how Vitas would transfer patients or perform other services within the contract. 
We therefore hold that the contract between Granbury and Vitas does not create
a duty on the part of Granbury.

Actual Exercise of Control

A premises owner who actually exercises control over the independent
contractor's work may be subject to direct liability for negligence.  Koch
Ref. Co. v. Chapa, 11 S.W.3d 153, 155 (Tex. 1999).  Liability will be
imposed when the premises owner undertakes control over the specific activity
that caused the injury.  See Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 783 (Tex. 2001).  General safety guidelines imposed by the premises
owner or the fact that he has inspected the work in the past does not create a
duty.  See Dow
Chemical Co. v. Bright, 89 S.W.3d 602, 611 (Tex. 2002); Restatement (Second) of Torts § 414,
Comment c.  Again, the plaintiff must show that the premises owner retained
control over the manner in which the independent contractor’s work is
performed.  See Lee Lewis, 70 S.W.3d at 783; Elliott-Williams, 9
S.W.3d at 803.

In Lee Lewis, the court held that the
general contractor exercised the right to control the independent contractor’s
work in that it routinely inspected the independent contractor’s employees to
see that they properly utilized safety equipment and it approved the means of
performing the job.  However, in this case, the only evidence offered by Shelby to show that Granbury exercised control is testimony that Granbury employees
assisted her in transferring patients in the past and that Granbury employees
were responsible for providing other basic services to hospice patients.  However,
 Shelby did not show that Granbury ever approved Vitas’s safety policies or implemented
its own policies for Vitas to follow.  The summary judgment evidence does not
raise a fact issue that Granbury exercised control over Vitas’s transfer of
patients because it does not show that Granbury sought to control the means,
methods, or details of Vitas’s work.  Finding that Shelby failed to produce
evidence raising a fact issue that Granbury exercised the right to control
Vitas’s work, we hold that summary judgment was proper.




CONCLUSION

          Having overruled Appellant’s sole issue, we affirm the judgment.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Affirmed

Opinion
delivered and filed December 21, 2005

[CV06]









    [1]       This
case involves a premises owner’s duty to an employee of an independent
contractor.  A premises owner owes the same duty as a general contractor to an
employee of an independent contractor.  See Koch Ref. Co. v. Chapa, 11
S.W.3d 153, 155 n.1 (Tex. 1999).  Cases involving the duty of premises owners
and general contractors are used interchangeably.  Id.