Opinion filed October 12, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed October 12, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-03-00300-CV 

                                                    __________

 

             TRANSIT MIX CONCRETE & MATERIALS COMPANY AND 

                 TRINITY
MATERIALS, INC., AND TRANSIT MIX AND 

                                 MATERIALS
COMPANY, Appellants

 

                                                             V.

 

 DARLETTA
ROCHELLE JOHNSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BRAD F.
JOHNSON, SR., DECEASED, AND AS NEXT FRIEND OF BRAD JOHNSON, JR., JERELLE
JOHNSON, AND AMETHYST JOHNSON, MINORS, Appellee



 

                                          On
Appeal from the 58th District Court

                                                       Jefferson County, Texas

                                                Trial
Court Cause No. A-164,606

 



 

                                                                   O
P I N I O N       

 








In 1999,  Brad Johnson Sr. was killed while working at
a sand and gravel mine owned and operated by Trinity Materials, Inc. and
Transit Mix Concrete & Materials Company.[1]  Darletta Rochelle Johnson, individually and
as representative of the estate of her husband Brad F. Johnson Sr. and as next
friend of the three minor children, Brad Johnson Jr., Jerelle Johnson, and
Amethyst Johnson, filed suit against Trinity under the Wrongful Death Act, Tex. Civ. Prac. & Rem. Code Ann. '' 71.001 B .012 (Vernon 1997 & Supp.2006), and the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code  Ann. '
71.021 (Vernon
1997).   The jury found Trinity negligent
and awarded Johnson=s estate
and survivors $164 million in damages. 
In its final judgment, the trial court remitted the award to
$27,357,090.83. We reverse and render.

Johnson was employed as a mechanic by RDO
Equipment Company, a heavy equipment dealer. 
RDO performed repair work on heavy pieces of equipment for various
companies.  As part of the contract
price, RDO provided an experienced mechanic and equipped the mechanic with a
field truck and necessary tools.  RDO provided
field services to numerous sand and gravel mines, and Johnson worked at several
of those mines.  

 Trinity
contracted with RDO to provide mechanical services, and RDO sent Johnson to
perform the work.  On the day of the
accident, a Trinity employee assigned Johnson to repair the brakes on a Euclid
B-30 dirt hauler.  The B-30 had mud and
sand around the tire and wheel assembly, and Johnson had difficulty removing
it.  Johnson consulted with Trinity
employees on how to remove the tire, and the employees offered their
suggestions.  A Trinity employee tried to
assist Johnson in removing the tire but returned to his assigned job when
unable to remove the tire.  Johnson said
that  he was going to use heat to break
up the debris around the tire.  Johnson
used an acetylene torch with a rosebud attachment to apply heat to the
debris.  The tire exploded from the heat,
and Johnson suffered multiple injuries resulting in his death.  

Trinity first argues that it owed no duty to
Johnson, an independent contractor=s
employee. Negligence consists of three essential elements:  (1) a legal duty owed by one person to
another;  (2) a breach of that duty;  and (3) damages proximately resulting from
the breach.  Duty is the threshold
inquiry.  El Chico Corp. v. Poole,
732 S.W.2d 306, 311 (Tex. 1987); Howarton
v. Minn. Mining and Mfg., Inc, 133 S.W.3d 820, 824 (Tex. App.CEastland
2004, no pet.).








Ordinarily, a general contractor does not owe a
duty to ensure that an independent contractor performs its work in a safe
manner.   Lee Lewis Const., Inc. v.
Harrison, 70 S.W.3d 778, 783 (Tex. 2001); Elliott‑Williams
Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999);  Hoechst‑Celanese Corp. v. Mendez,
967 S.W.2d 354, 356 (Tex.
1998).  A duty does arise, however, if
the general contractor retains some control over the manner in which the
independent contractor performs its work. 
Lee Lewis, 70 S.W.3d at 783; 
Elliott‑Williams, 9 S.W.3d at 803.   A general contractor can retain the right to
control an aspect of an independent contractor=s
work or project so as to give rise to a duty of care to that independent
contractor=s
employees in two ways:  by contract or by
actual exercise of control.  Lee Lewis,
70 S.W.3d at 783;  Coastal Marine
Serv. of Tex., Inc. v. Lawrence,
988 S.W.2d 223, 226 (Tex.
1999).  The general contractor=s duty of care is commensurate with the
control it retains over the independent contractor's work.   Lee Lewis 70 S.W.3d at 783;
Hoechst-Celanese, 967 S.W.2d at 355.

The parties do not contend that Trinity contracted
the right to control Johnson=s
work.  Therefore, the question before us
is whether Trinity exercised actual control over Johnson=s
work.  For a general contractor to be
liable for its independent contractor=s
acts, it must have the right to control the means, methods, or details of the
independent contractor=s
work.  Elliott‑Williams, 9
S.W.3d at 804; Coastal Marine, 988 S.W.2d at 226.  The Restatement (Second) of Torts
specifically outlines the degree of control necessary to create a duty:

[T]he
employer must have retained at least some degree of control over the manner in
which the work is done.  It is not enough
that he has merely a general right to order the work stopped or resumed, to
inspect its progress or to receive reports, to make suggestions or
recommendations which need not necessarily be followed, or to prescribe
alterations and deviations.  Such a
general right is usually reserved to employers, but it does not mean that the
contractor is controlled as to his methods of work, or as to operative
detail.  There must be such a retention
of a right of supervision that the contractor is not entirely free to do the
work in his own way.

 

See Restatement
(Second) Of Torts '
414 cmt. c (1965);  Elliott‑Williams,
9 S.W.3d at 804.  

Trinity assigned Johnson to repair the brakes on
the B-30, but Trinitydid not provide detailed instruction on the method or
means of how to perform the job.  See
Hoechst‑Celanese, 967 S.W.2d at 357. 
When Johnson had difficulty completing the assigned task, Trinity
employees made suggestions and recommendations on how to perform the task.  The Trinity employees whom Johnson consulted
were not in a supervisory role over Johnson. 
Johnson alone made the decision to use the heat torch in effort to
remove the tire. 








There was evidence presented that Trinity had the
right to stop unsafe acts by independent contractors.  Having the right to stop unsafe work is not
enough to create a duty of care.  Dow
Chem. Co. v. Bright, 89 S.W.3d 602, 608 (Tex. 2002). 
A general contractor or an employer is not required to stand idly by
while another is injured or killed in order to avoid liability.  Id.  However, if a general contractor exercises
control by requiring an independent contractor to comply with its safety
regulations, the general contractor owes the indipendent contractor=s employees a narrow duty of care that
its safety requirements and procedures do not unreasonably increase the
probability and severity of injury.  Id
at 607.  Trinity=s
safety regulations did not increase the probability and severity of
injury.  Moreover, the jury charge did
not include an issue on Trinity=s
safety regulations and there was no objection to the omission of that
issue.  See  Tex.
R. Civ. P. 274; see
also State Dept. of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235 (Tex. 1992).  

There is no evidence that Johnson was not free to
perform Athe work
in his own way.@  See Section 414 cmt. c;  Elliott‑Williams, 9 S.W.3d at
804.  There is no evidence that Trinity
approved of Johnson=s use of
heat to remove the tire.  Trinity
assigned the task; Johnson ultimately made the decision to perform the task
using heat to remove the tire.  By
assigning the task, offering suggestions on completing the task, and reserving
the right to stop unsafe work practices, Trinity did not exercise control over
Johnson=s work so
as to create a duty.   Trinity=s first issue on appeal is
sustained.  Because of our disposition of
Trinity=s first
issue on appeal, we need not address Trinity=s
remaining issues.  Tex. R. App. P. 47.1.

The judgment of the trial court is reversed, and
judgment is rendered that Darletta Rochelle Johnson, individually, as representative of the estate, and as next friend of
the three minor children, take nothing from Trinity.

 

JIM R. WRIGHT

CHIEF JUSTICE

October 12, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]The parties stipulated that Trinity Materials, Inc. and
Transit Mix Concrete & Materials Company were the same entity for the
purposes of this case.  We will
collectively refer to the appellants as ATrinity@ as did each of the parties.