

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00057-CV

---

FRANCISCO GARCIA, APPELLANT

V.

TEXAS ALL AROUND DRYWALL, INC., APPELLEE

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-320842-20, Honorable Susan H. McCoy, Presiding

---

October 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Before us is Francisco Garcia's appeal of the trial court's order granting summary judgment in favor of appellee, Texas All Around Drywall, Inc. (TAAD), and its order that Garcia take nothing on all his claims against TAAD. Garcia questions those decisions through three issues. We will affirm.[1]

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Background***

In February 2018, TAAD signed an agreement with Lennar Homes of Texas Land and Construction, LTD as a subcontractor to install drywall/sheetrock in certain homes. In September 2019, TAAD contracted with Juan Rodriguez Arriaga to do the actual installation. Garcia worked for Arriaga as an installer.

While Garcia was performing his duties on the first floor of a home, sheets of drywall fell from the second floor and struck him. Someone had rested the material against a temporary railing, which railing gave way.

Garcia sued TAAD, arguing it was responsible for his injuries. TAAD moved for both a traditional and no-evidence summary judgment, asserting it owed no duty to Garcia. After consideration of the motion, responses, and summary judgment evidence, the trial court granted it.

***Applicable Law***

The summary judgment standard and scope of review for both a traditional and no-evidence motion are well-established and described in *McNally v. McNally*, No. 02-18-00142-CV, 2020 Tex. App. LEXIS 7211, at *8-9 (Tex. App.—Fort Worth Sept. 3, 2020, pet. denied) (mem. op.). We apply them here. The same is true regarding the elements of claims sounding in negligence and premises liability. *See Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 717 (Tex. App.—Fort Worth July 11, 2013, no pet.) (specifying the elements of negligence); *Hill v. Fitness Int'l, LLC*, No. 02-22-00142-CV, 2023 Tex. App. LEXIS 1906, at *17 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.) (specifying the elements of premises liability).

### *Issue One—Negligence*

Garcia alleged TAAD was liable for his injuries under several theories, including common-law negligence and premises liability.[2]  Central to each claim was the allegation that TAAD owed a duty to him and the summary judgment evidence established that. TAAD disagreed, contending 1) Garcia worked for Arriaga, 2) Arriaga controlled his crew including Garcia, 3) Arriaga employees alone stacked the drywall against the railing, and 4) no one from TAAD controlled the manner or details of the work being performed by Arriaga and his crew.  We overrule the issue.

The summary judgment record, when construed in a light favoring Garcia, illustrated Arriaga, not TAAD, employed and supervised Garcia.  Solely Arriaga provided instructions to Garcia regarding the job.  Furthermore, Garcia admitted that he did not know of TAAD and had never spoken with anyone from TAAD.  So too did the evidence illustrate that the drywall in question was moved from the middle of the room elsewhere by someone working for Arriaga.  The day before, a drywall supervisor from TAAD was at the site, counting stacks of drywall.  At that time, the drywall was in stacks on the floor. No other people aside from Arriaga's crew were on site at the time of Garcia's injury, including representatives of TAAD.  Thus, no one from TAAD directed the placement of the drywall against the railing or knew it was so placed.

---

[2] Garcia also alleged TAAD was liable for his injuries under vicarious liability and respondeat superior.  We agree with TAAD that the evidence shows Garcia was not an employee of TAAD. Consequently, his claims under vicarious liability and respondeat superior do not apply here.  *See Grove v. USI Indus. Servs.*, No. 13-20-00004-CV, 2021 Tex. App. LEXIS 9360, at *6 (Tex. App.—Corpus Christi Nov. 18, 2021, no pet.) (mem. op.) (explaining claims and necessary relationship). We address Garcia's premises liability contention in our discussion of his second appellate issue.

For a general contractor to be liable to an independent contractor's employees, the former must have the right to control the means, methods, or details of the independent contractor's work. *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999); *see Dow. Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Lee Lewis Construction, Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001) (the "general contractor's duty of care is commensurate with the control it retains over the independent contractor's work"). A general contractor may have such a right so as to create a duty of care in two ways, those being by contract or the actual exercise of control. *Lee Lewis Construction, Inc.*, 70 S.W.3d at 783.

The contract between TAAD and Arriaga specifically delegated "everything necessary" to complete the sheet rock installation, including labor, to Arriaga. And, to the extent that the Master Trade Partner Agreement executed between Lennar and TAAD included an addendum stating that the drywall was to be stacked in a manner that resisted falling, that did not create the requisite duty of control. This is so because a duty does not arise when the contractor simply directs that the work be done in a safe manner. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985); *see Bright*, 89 S.W.3d at 606 (recognizing that the "general rule is that an owner or occupier does not have a duty to see that an independent contractor performs work in a safe manner"). And, though one may arise when the independent contractor is directed to comply with specified safety guidelines, it encompasses only the duty to see that the promulgated safety requirements and procedures did not reasonably increase, rather than decrease, the probability and severity of injury. *See Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 357 (Tex. 1998). No evidence of record suggests that directives concerning the manner of storing

4

or stacking drywall increased the probability of injury. Nor is there any directive permitting the drywall to be leaned against a railing, temporary or otherwise.

Similarly missing is evidence creating an issue of fact on the existence of actual control being exercised by TAAD over Arriaga and the safety procedures he and his crew followed. Again, it is undisputed that no one from TAAD 1) was present on the site, 2) mandated the placement of the drywall against the railing, 3) knew of the drywall being against the railing, or 4) approved of the drywall being so placed. Arriaga controlled the handling of the drywall when the incident occurred. Again, a general contractor must have control over the injury-causing activity to be subject to liability. There was simply no evidence TAAD retained or exercised such control over the mode of handling the drywall other than the aforementioned directive, and that directive alone was not enough to create a duty for the reasons mentioned earlier. *See Lee Lewis Construction, Inc.*, 70 S.W.3d at 783-84 (independent contractor observed and expressly approved of subcontractor's use of faulty fall-protection equipment, i.e., a bosun's chair without an independent lifeline).

Finally, we address Garcia's argument that a duty was imposed on TAAD through an addendum to the Master Partnership Agreement requiring TAAD to have an OSHA-approved person to be on the premises supervising safety. It is certain that no such person was on scene when the accident occurred. Yet, assuming *arguendo* this obligation evinced sufficient control over safety to create a duty, another problem remained.

Through its motion for summary judgment, TAAD also contended that Garcia had no evidence of proximate cause. Thus, the obligation fell to him to present some evidence

5

sufficient to create a material issue of fact regarding that element. We encountered nothing of record illustrating that the presence of an OSHA-approved person would have prevented the incident from occurring. Whether the individual, if present, would have spied the drywall being placed against the railing pending installation is conjecture, as is whether he would have noticed it in time to prevent harm. And, one must engage in that conjecture before it can be said, logically, that the individual would have stopped or otherwise prevented the conduct from occurring. Conjecture is not evidence, though. *See Sisters of St. Joseph of Tex., Inc. v. Cheek*, 61 S.W.3d 32, 37 (Tex. App.—Amarillo 2001, pet. denied) (stating that "[c]ausation may not be established by guess, conjecture or speculation; it must be proved by competent evidence"). So, it cannot reasonably be inferred from the evidence supplied by Garcia (or TAAD) that the absence of such a person proximately caused the injury suffered by Garcia.

### Issue Two—Premises Liability

Allegedly, the trial court also erred in granting summary judgment on Garcia's claim of premises liability. This cause of action was also the subject of TAAD's no evidence motion. Thus, Garcia again had the burden to create a material issue of fact on the elements being contested, one of which was duty. And, viewing the issue at bar within that framework, we overrule it.

Generally, a landowner or one controlling property is liable to employees of an independent contractor only for claims arising from a pre-existing defect rather than from the contractor's work. *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008); *Lopez v. Crest Gateway, LP*, No. 02-17-00429-CV, 2018 Tex. App. LEXIS 9182, at *10 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op.). The summary judgment record

6

contained nothing from which one could reasonably infer that anyone other than Arriaga or his employees placed the drywall against the second-floor railing. They were the only people on premises prior to the incident. When they arrived, the drywall was stacked on the floor, as it had been the day before when a TAAD drywall supervisor counted the stacks. Sometime thereafter, Arriaga or his crew carried it to the railing, though Arriaga indicated it was placed against a wall at the time. Yet, no evidence indicates that the material was capable of moving itself. So, from the evidence that no others were present, the material was initially on the floor, and either Arriaga or his employees moved it, the only rational inference that can be drawn was that Arriaga or his employees placed the drywall against the railing and created the alleged unsafe condition.

Assuming an unsafe condition was present, nothing illustrates how long that period was. It could have been mere seconds or longer. This too is problematic since some proof must indicate how long the hazard was present before liability can be imposed for failing to discover it. *Walmart Stores v. Reece*, 81 S.W.3d 812, 815-16 (Tex. 2002). That period must be long enough for a factfinder to reasonably conclude that the one controlling the premises had a reasonable time to act. *Id.* at 16; *see Hill*, 2023 Tex. App. LEXIS 1906, at *35 (to prove constructive knowledge, there must be evidence that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it); *Koko Motel v. Mayo*, 91 S.W.3d 41, 48 (Tex. App.—Amarillo 2002, pet. denied) (motel had constructive knowledge because it knew of the condition that caused plaintiff to slip and fall long enough to direct maintenance to clean it).

7

In short, we cannot fault the trial court for granting summary judgment on the premises claim due to the lack of any duty imposed on TAAD. Even when construed in a light most favorable to Garcia, the record lacks evidence upon which such a duty could be based.

### Issue Three—Objections to Affidavit in Support of Motion

Lastly, Garcia questioned the admissibility of various portions of the affidavit executed by Damond Reed. He then conceded that "Appellee never cites to any portion of that alleged affidavit in its summary judgment motion to prove any of its allegations." Thereafter, we were told that "Appellant hopes that this Court of Appeals will not find that merely attaching that alleged affidavit to its motion will result in anything stated in it being proved by anything contained in that alleged affidavit." Simply put, we are not sure how to interpret this "issue." Is he asking us to strike aspects of the affidavit as inadmissible or to just forego concluding that supplying it somehow proved allegations in the motion itself?

To the extent that Garcia has questions regarding the admissibility of the affidavit, he provided us with neither citation to controlling authority nor substantive analysis explaining why the affidavit was defective. That inadequate briefing resulted in the waiver of his complaint. *See* TEX. R. APP. P. 38.1(i) (obligating an appellant to support issue asserted with "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Approximately $23,606.00 U.S. Currency v. State*, No. 07-19-00297-CV, 2020 Tex. App. LEXIS 2602, at *8 (Tex. App.—Amarillo Mar. 27, 2020, no pet.) (mem. op.) (stating that one must provide the court with citation to the record and substantive analysis of his issue or risk waiver of the complaint).

8

Nevertheless, we do accept Garcia's invitation to eschew the opportunity to "find that merely attaching that alleged affidavit to its motion will result in anything stated in it being proved by anything contained in that alleged affidavit." The issue is overruled.

Having overruled Garcia's issues, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice