MORRIS V. OSBORNE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-139-CV

A.J. MORRIS, M.D. APPELLANT

V.

PHILLIP OSBORNE, M.D. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

In this libel per se case, A.J. Morris, M.D. appeals the trial court’s order granting a summary judgment for Phillip Osborne, M.D. [ant’s brief @ 1]  In his sole issue, Dr. Morris argues that the trial court erred in granting the summary judgment because: (1) Dr. Osborne did not prove, as a matter of law, that his statements were opinions, [ant’s brief @ 9] (2) extrinsic evidence is not required to explain the defamatory meaning of Dr. Osborne ’s statements, and (3) Dr. Osborne  did not establish any of his affirmative defenses, which include consent, privilege, and statute of limitations. [ant’s brief @ 14-22] We affirm. 

Background

Dr. Morris treated Antonio Perez, Wesley Wommack, Jamie Hernandez, and Dallace Vickers at various times for injuries they received on the job. [cr 34, 38, 43, 46, 52, 55, 58] Among other things, Dr. Morris prescribed each of the patients, Lortab, Diazepam, Vicodin, Valium, Hydrocodone, Xanax, and Soma. [cr 34, 38, 43, 52, 55, 58] Dr. Morris prescribed these medications based on Chapter 170.1-170.3 of the Texas State Board of Medical Examiners’ Rules concerning the Authority of Physicians to Prescribe for the Treatment of Pain. [cr 1: 196, exhibit 1] 

The patients’ insurance companies hired Dr. Osborne to review Dr. Morris’s respective courses of treatment. [ant’s brief @ 2] Dr. Osborne has a background in pain and rehabilitation. [cr 202-03] Currently, he does not treat patients; instead, his entire practice is related to administration, writing and training, and doing independent medical evaluations (IMEs) and peer reviews, primarily for HealthSouth Corporation. [cr 202-03]  

There are two schools of thought regarding the treatment of long-term pain with medication. [cr 136] The American Academy of Physical Rehabilitation (AAPR) believes that patients should not be kept on narcotics for long periods of time. [cr 136] In contrast, the American Academy of Pain Medicine (AAPM) approves managing pain via long-term narcotic use. [cr 136]  Dr. Osborne subscribes to the AAPR viewpoint; Dr. Morris is of the AAPM persuasion. [cr 136]  

For each of the four patients, Dr. Osborne submitted to the insurance companies either an IME or a peer review of Dr. Morris’s treatment. [ant’s brief @ 3] Dr. Morris complains about the following statements in those reports:

Patient Perez, IME report to Ms. Susan Perry at RSKCo. dated August 6, 2002:

5.  Are medical services, treatments and diagnostics medically necessary and related to the injury? 

I certainly would not find any support in the use of Lortab, Diazepam or Vicodin.  He also had Zantac, Zostrix and Lamisil; and again these do not appear to be reasonable or medically necessary either.  All of these office visits do not appear to have been reasonable or necessary.  The patient should have been on maintenance care only with the only return to the doctor’s office every three to six months, and he should have been placed primarily on over-the-counter medications.  In my opinion he should not be on any controlled substance. . . . 

10.  Is Diazepam reasonable and necessary for this accident?

I do not think [it] is reasonable or necessary at all. [cr 33-36]    

Patient Wommack, Peer Review to Ms. Brenda Williams at Crawford & Company dated August 28, 2002:

Are prescription medications being prescribed to the patient medically reasonable and necessary?

No. [cr 41] 

Patient Hernandez, Peer Review to Rosemary Valencia at America First dated November 27, 2002:

3) Should the claimant have to continue on medications?  If so, what type?

I do not believe that the continued use of Vicodin and opiate derivative analgesic is reasonable or necessary. [cr 44]

Patient Vickers, Peer Review to Ms. Pat Datcher dated September 14, 2003:

What medications are R&N for the 8/27/98 injury?

The patient is currently being prescribed Hydrocodone, Xanax and Soma on a very regular basis and I do not feel that this is R&N at this time. [cr 49] 

Dr. Morris contends that Dr. Osborne’s statements in these reports are defamatory because they accuse him of prescribing medicine without a valid medical purpose, which is a crime under the Health and Safety Code.
(footnote: 2) [ant’s brief @ 4] Dr. Morris sued Dr. Osborne for libel per se under section 73.001 of the civil practices and remedies code, which defines libel as “a defamation expressed in writing or other graphic form . . . that tends to injure a living person’s reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person’s honesty, integrity, virtue, or reputation.”
(footnote: 3) [ant’s brief @ 5]

Dr. Osborne moved for summary judgment, asserting that Dr. Morris did not establish the elements of his cause of action as a matter of law.  As one ground for summary judgment, Dr. Osborne contended that Dr. Morris did not establish that Dr. Osborne  made a statement of fact, because Dr. Osborne ’s statements are opinions and are not objectively verifiable as fact. [cr 11-12] The trial court granted Dr. Osborne ’s motion for summary judgment and ordered that Dr. Morris take nothing. [cr 215] This appeal followed.  

Standard of Review

A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.
(footnote: 4)  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
(footnote: 5) 
When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.
(footnote: 6) 

Fact or Opinion 
 

Whether a publication is an actionable statement of fact or a constitutionally protected expression of opinion depends on a reasonable person’s perception of the entirety of a publication and not merely on individual statements.
(footnote: 7)  A statement is considered to be an opinion when, upon consideration of the entire context in which it was made, it cannot be objectively verified.
(footnote: 8)  In determining whether a fact is asserted, we must consider the factual setting in which the statement was made, the format in which the statement appears, the general tenor of the entire work, and the reasonable expectations of the audience.
(footnote: 9)  

The Waco Court of Appeals recently held in 
Morris v. Blanchette
 that a medical peer review report that concludes that a treating physician has exceeded what is medically necessary, which maintains the appropriate tenor and does not exceed what is necessary to state the doctor’s opinion, is a constitutionally protected expression of opinion and therefore not defamatory.
(footnote: 10)  In 
Blanchette,
 Dr. Morris, the appellant in this case, sued Dr. Katherine Blanchette for libel per se after Dr. Blanchette issued a peer review report to a worker’s compensation carrier stating that Dr. Morris’s treatment of a patient for lower back injury was not medically necessary.
(footnote: 11)  The trial court granted Dr. Blanchette’s traditional motion for summary judgment, and Dr. Morris appealed.
(footnote: 12) 

The Waco court affirmed the trial court’s judgment, noting that the nature of the lower back injuries being reviewed in that case were often difficult to  verify objectively.
(footnote: 13)  The court also reasoned that in the worker’s compensation system, the claimant, provider, and carrier all have the right to an independent review when there is a dispute on the issue of medical necessity.
(footnote: 14)  The court further stated: 

It is imperative to the effectiveness of the independent review system that an evaluating physician or panel be allowed to plainly state its opinion regarding whether the treating physician has provided or recommended medically necessary treatment.  A holding that a report like Blanchette’s is defamatory would undermine this system.
(footnote: 15)

We agree with the Waco court’s reasoning and hold that Dr. Osborne ’s statements regarding Dr. Morris’s treatment in the IME and peer review reports are constitutionally protected expressions of opinion and therefore are not defamatory.  Although the injuries and treatments reviewed in the 
Blanchette
 case and this case are somewhat different, the evaluating doctors’ allegedly defamatory statements were the same; both Dr. Blanchette and Dr. Osborne  stated that Dr. Morris’s treatment was not reasonable or necessary.  

Although Dr. Morris argues that the statements at issue are similar to those in 
Pisharodi v. Barrash
,
(footnote: 16) the Waco court effectively distinguished that case.
(footnote: 17)  In 
Pisharodi, 
the evaluating physician made numerous inflammatory remarks in the course of a peer review, finding a particular physician’s treatment not medically necessary.
(footnote: 18) 
 The court characterized the evaluating doctor’s report as “not only a scathing evaluation . . . but an accusation that [the doctor’s] actions in treating [the patient] amounted to nefarious criminal conduct, namely, assault.”
(footnote: 19)  Dr. Osborne ’s statements are neither scathing nor inflammatory, but maintain the appropriate tenor to state his opinion that Dr. Morris’s treatment exceeded that which was medically necessary.
(footnote: 20) 

Additionally, Dr. Morris contends that because Dr. Osborne  has not proven, as a matter of law, that Dr. Osborne ’s statements were opinions, a question of fact exists for the jury in this case. [ant’s brief @ 9]   Dr. Morris’s argument is, however, misplaced. Both the First Amendment to the United States Constitution and article 1, section 8 of the Texas Constitution require a plaintiff to establish that the defendant published a false, defamatory statement of fact, rather than an opinion, as an essential element of a cause of action for libel.
(footnote: 21)  Further, whether a publication is capable of a defamatory meaning is initially a question for the court.
(footnote: 22)  Only when the publication is of an ambiguous or doubtful import should the jury determine its meaning.
(footnote: 23)  In this case, Dr. Osborne’s statements were clearly his opinions. 

Conclusion

For all of the foregoing reasons, we hold as a matter of law that Dr. Osborne’s reports contain his constitutionally protected expression of opinion and are thus not defamatory.
(footnote: 24)  Therefore, we overrule Dr. Morris’s sole issue and affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Health & Safety Code Ann.
 § 481.071(a), 481.128 (Vernon 2003) (providing that a physician may not prescribe a controlled substance except for a valid medical purpose and in the course of medical practice).

3:
Tex. Civ. Prac. & Rem. Code Ann.
 § 73.001 (Vernon 1997).

4:
IHS Cedars Treatment Center of Desoto, Texas, Inc. v. Mason
, 143 S.W.3d 794, 798 (Tex. 2004); 
Southwestern Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002) (citing 
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex.1999)).  

5:
Mason
, 143 S.W.3d at 798 (citing 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex.1997); 
Friendswood Dev. Co. v. McDade & Co.
, 926 S.W.2d 280, 282 (Tex.1996)).

6:
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto Ins. Co.,
 896 S.W.2d 170, 173 (Tex. 1995). 

7:
Bentley v. Bunton
, 94 S.W.3d 561, 579 (Tex. 2003) (quoting 
Turner v. KTRK Television, Inc., 
38 S.W.3d 103, 115 (Tex. 2000)). 

8:
Bentley
, 94 S.W.3d at 581; 
see also Milkovich v. Lorain Journal Co.,
 497 U.S. 1, 21-22, 110 S.Ct. 2695, 2707 (U.S. 1990). 

9:
See Milkovich,
 497 U.S. 1, 20, 110 S.Ct. 2695, 2705; 
Bentley
, 94 S.W.3d at 579; 
Gaylord Broad. Co. v. Francis
, 7 S.W.3d 279, 284 (Tex. App.—Dallas 1999, pet. denied).  

10:
Morris v. Blanchette
, No.10-05-00017-CV, 2005 WL 2787646, at *4 (Tex. App.—Waco Oct. 26, 2005, no pet. h.). 

11:
Id.
 at *1. 

12:
Id
.

13:
Id. 
at *3.

14:
Id
. at *4 (citing 28 
Tex. Admin. Code
 §133.308 (2005) (Tex. Dep’t of Ins. Div. of Workers’Compen.).

15:
Id. 

16:
Pisharodi v. Barrash
, 116 S.W.3d 858, 860 (Tex. App.—Corpus Christi 2003, pet. denied) (examining an evaluating physician’s statement that a certain surgery was unreasonable, unnecessary, and constituted an assault on the patient and holding that, taken as a whole, the statement was capable of defamatory effect because it charged another with commission of a crime for which he could be imprisoned and was therefore libelous per se). 

17:
Blanchette
, 2005 WL 2787646, at *3-4.

18:
Id. 
at 862-63.

19:
Id. 
at 863. 

20:
See Blanchette
, 2005 WL 2787646, at *3-4.

21:
Bentley
, 94 S.W.3d at 580;
 A.H. Belo Corp v. Rayzor
, 644 S.W.2d 71, 79 (Tex. App.—Fort Worth 1982, writ ref’d n.r.e.).  

22:
Turner
, 38 S.W.3d at114; 
Musser v. Smith
, 723 S.W.2d 653, 655 (Tex. 1987).  

23:
Id
.

24:
In light of our holding that Dr. Osborne’s statements were opinions, we need not address Dr. Morris’s remaining arguments.  
See 
Tex. R. App. P.
 47.1.