**Joel PRIETO, Appellant,**

v.

**VAL VERDE MEMORIAL HOSPITAL and Simplex Time Recorder Co., Appellees.**

No. 04–87–00031–CV.

Court of Appeals of Texas, San Antonio.

March 9, 1988.

Allen Moore, Dwain Downing, Del Rio, for appellant.

Don E. Weiss, Thorton, Summers, Biechlin & Dunham, John T. Dailey, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a personal injury suit. Joel Prieto, appellant, brought suit against Val Verde Hospital and Simplex Time Recorder Co., appellees, alleging negligence. After appellant rested, both appellees moved for directed verdict. The trial court granted the motions, and this appeal resulted. We affirm.

Appellant raises two points of error, complaining that the trial court erred in granting each motion for directed verdict as there was more than a scintilla of evidence to support a negligence issue. The trial court granted the motions on the basis that there was no evidence showing appellees' negligence.

A directed verdict can be upheld only if the record contains no evidence of probative force to raise material fact questions. *Corbin v. Safeway Stores*, 648 S.W.2d 292, 295 (Tex.1983). The appellate court must review the evidence in the light most favorable to appellant and indulge against the instruction every inference that might properly be drawn from the evidence. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984).

Accordingly, we set out the evidence under the appropriate standard of review.

Prieto was the sole witness at trial. He testified that he was visiting his wife at the hospital. There was construction going on in the hospital. He heard an alarm go off, and then the door closed, severing part of a finger. Either before or after the alarm went off, a woman visiting the hospital told appellant to be careful, that the door would smash him. He did not know why the alarm went off. He did not know how fast the door closed. He further testified about the extent of the injury and damages he sustained.

In order to sustain a cause of action for negligence, there must be evidence of a duty, breach of that duty, proximate cause, and damage. *Colvin v. Red Steel Co.*, 682 S.W.2d at 245.

Appellant's pleadings allege that Simplex was testing a fire alarm which was connected to the door, and that Simplex was negligent in failing to warn Prieto of the inherent danger and was negligent by conducting the test without insuring Prieto's safety.

On appeal, appellant contends that Simplex was under a duty to manufacture an alarm system that was reasonably safe, and that Simplex was under a duty to inform the public that its alarm, when sounded, would cause the door to suddenly and without warning close. Appellant also states that he alleged general negligence on the part of Simplex and thereby invokes the doctrine of *res ipsa loquitur.* Appellant further asserts that Simplex' failure to warn or adequately supervise the installation of the alarm system was the cause in fact of appellant's injury. Appellant finally contends that Simplex should have known that an injury of this type could occur when the doors suddenly close.

■ The record shows otherwise. There was no evidence that any product of Simplex was involved in the incident. There was no evidence that any product of Simplex was located on the hospital premises. There was no evidence that any employee of Simplex was on the hospital premises. There was no evidence that the alarm was a fire alarm. There was no evidence that the sounding of the alarm was in any manner related to the closing of the door.

Furthermore, appellant alleges for the first time on appeal that Simplex negligently manufactured and designed the alarm system. Aside from the fact that there is no evidence of this, appellant cannot raise these issues on appeal where they were not plead at trial.

■ Appellant also invokes *res ipsa* for the first time on appeal. The doctrine of *res ipsa loquitur* may not be invoked where the petition alleges specific acts of negligence on the part of a defendant, and does not generally allege negligence or specifically plead reliance on *res ipsa.* *Francis v. Bob Meador Company, Inc.,* 517 S.W.2d 693, 696 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ) (and cases cited therein). In the present case, appellant alleged specific acts of negligence against Simplex. He did not allege general negligence, nor did he plead *res ipsa* specifically. He cannot invoke *res ipsa* on appeal.

■ Furthermore, the record is void of any evidence that would support a *res ipsa loquitur* theory. In order for the doctrine to apply two factors must be present:

(1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and

(2) the instrumentality causing the injury is shown to have been under the management and control of the defendant.

*Mobil Chemical Company v. Bell,* 517 S.W.2d 245, 251 (Tex.1975). There is no evidence that the instrumentality causing the injury was under the management and control of Simplex.

Appellant's initial point of error is overruled.

Regarding appellant's second point of error, appellant's petition alleged:

Val Verde Memorial Hospital committed the following acts and/or omissions of negligence which were a proximate cause of the accident in question:

(a) in failing to warn the plaintiff of the inherent danger that existed on the premises during the time of his visit;

(b) in failing to have the dangerous condition corrected for the safety of the general public who visited the premises; and

(c) in failing to properly maintain the fire alarm system on the premises of said defendant.

Under his second point of error, appellant correctly contends that the hospital has a duty to exercise ordinary care to have their premises in a reasonably safe condition for use by invitees. *J. Weingarten, Inc. v. Razey,* 426 S.W.2d 538, 539

(Tex.1968). The hospital also has a duty to warn of known dangerous conditions. *Id.*

Appellant further contends that Val Verde breached its duty. According to appellant, the hospital knew there would be tests of the alarm system being installed, and there were no signs warning about the test. Additionally, appellant asserts that the hospital was negligent in failing to maintain a safe alarm system. Appellant argues that having an alarm system that suddenly closes doors is a breach of the hospital's duty. Thus, according to appellant, the cause in fact for the injury was the failure to warn or failure to maintain a safe alarm system, and the injury was foreseeable.

■ We reject appellant's contention. There was no evidence that an alarm system was being installed. Appellant only testified that there was construction going on. There was no evidence that an alarm system was being tested. The only evidence concerning a test was from appellant who testified that he did not know if there was a test going on. There was no evidence that the doors shut suddenly. Again, the only evidence concerning the door's speed in closing came from appellant who testified that he did not know how fast the door shut. There was no evidence that the alarm system was in any manner related to the closing of the door. Appellant testified that he heard an alarm go off, and then the door closed. As the trial court correctly observed in granting Val Verde's motion for instructed verdict, "All I heard was evidence that an alarm went off and a door shut, and that a man sustained an injury."

The occurrence of an accident is not of itself evidence of negligence. *Brown Express Company, Inc. v. Burns,* 608 S.W.2d 291, 293 (Tex.Civ.App.—Waco 1980, no writ) (and cases cited therein). In reviewing the evidence, we must indulge every inference that might properly be drawn from the evidence. But, an inference cannot be based on surmise or speculation. *Briones v. Levine's Department Store, Inc.,* 446 S.W.2d 7, 10 (Tex.1969). We cannot infer that the sounding of the alarm was connected with the door's closing. Although negligence and causation may be established circumstantially, they may not spring from an evidentiary vacuum.

Finally, on appeal, appellant invoked *res ipsa loquitur* during oral argument concerning Val Verde Hospital. Appellant does not argue *res ipsa* in his brief under the second point of error. Additionally, appellant did not plead general acts of negligence on the hospital's part, nor did he plead *res ipsa.* Appellant alleged specific acts of negligence.

■ Nonetheless, *res ipsa loquitur* would not require a reversal. In order to apply *res ipsa,* "the possibility of other causes does not have to be completely eliminated, but their likelihood must be so reduced that the jury can find by a preponderance of the evidence that the negligence, if any, lies at the defendant's door." *Mobil Chemical Company v. Bell,* 517 S.W.2d at 251. Were we to consider the *res ipsa* argument, we could not conclude that the evidence reduced the possibility of other causes.

Appellant's second point of error is without merit and is overruled.

The judgment is affirmed.