TRANSIT MIX CONCRETE & MATERIALS COMPANY and Trinity Materials, Inc., and Transit Mix and Materials Company, Appellants

v.

Darletta Rochelle JOHNSON, individually and as Representative of the Estate of Brad F. Johnson, Sr., Deceased, and as next friend of Brad Johnson, Jr., Jerelle Johnson, and Amethyst Johnson, Minors, Appellee.

No. 11–03–00300–CV.

Court of Appeals of Texas, Eastland.

Oct. 12, 2006.

Rehearing Overruled Dec. 6, 2006.

Reagan Simpson, Robin A. Schober, King & Spalding, LLP, Houston, David Fisher, Orgain, Bell & Tucker, L.L.P., Silsbee, Jeff Ray, Ray, Valdez, McChristian & Jeans, El Paso, for appellants.

Brian Sutton, Sutton & Jacobs, L.L.P., Beaumont, for ad litum.

David W. Holman, The Holman Law Firm, P.C., Diana M. Sangalli, Trop Pruner & Hu P.C., Houston, Donald M. Hunt, Mullin Hoard & Brown, L.L.P., Lubbock, Frank Herrera, Jr., Law Offices of Frank Herrera, San Antonio, Jose Luis Garriga, The Garriga Law Firm, P.C., Odessa, Gilbert T. Adams, Cheryl A. Schultz, Law Offices of Gilbert T. Adams, Beaumont, for appellees.

Dwayne J. Hermes, Gina Acosta, Hermes, Sargent, Bates, L.L.P., Dallas, for intervenor.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

In 1999, Brad Johnson Sr. was killed while working at a sand and gravel mine owned and operated by Trinity Materials, Inc. and Transit Mix Concrete & Materials Company.[1] Darletta Rochelle Johnson, individually and as representative of the estate of her husband Brad F. Johnson Sr. and as next friend of the three minor children, Brad Johnson Jr., Jerelle Johnson, and Amethyst Johnson, filed suit against Trinity under the Wrongful Death Act, TEX. CIV. PRAC. & REM.CODE ANN. §§ 71.001–.012 (Vernon 1997 & Supp.2006), and the Texas Survival Statute, TEX. CIV. PRAC. & REM.CODE ANN. § 71.021 (Vernon 1997). The jury found Trinity negligent and awarded Johnson's estate and survivors $164 million in damages. In its final judgment, the trial court remitted the award to $27,357,090.83. We reverse and render.

Johnson was employed as a mechanic by RDO Equipment Company, a heavy equipment dealer. RDO performed repair work on heavy pieces of equipment for various companies. As part of the contract price, RDO provided an experienced mechanic and equipped the mechanic with a field truck and necessary tools. RDO provided field services to numerous sand and gravel mines, and Johnson worked at several of those mines.

Trinity contracted with RDO to provide mechanical services, and RDO sent Johnson to perform the work. On the day of the accident, a Trinity employee assigned Johnson to repair the brakes on a Euclid B–30 dirt hauler. The B–30 had mud and sand around the tire and wheel assembly, and Johnson had difficulty removing it. Johnson consulted with Trinity employees on how to remove the tire, and the employees offered their suggestions. A Trinity employee tried to assist Johnson in removing the tire but returned to his assigned job when unable to remove the tire. Johnson said that he was going to use heat to break up the debris around the tire. Johnson used an acetylene torch with a rosebud attachment to apply heat to the debris. The tire exploded from the heat, and Johnson suffered multiple injuries resulting in his death.

■ Trinity first argues that it owed no duty to Johnson, an independent contractor's employee. Negligence consists of three essential elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. Duty is the threshold inquiry. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *Howarton v. Minn. Mining and Mfg., Inc.*, 133 S.W.3d 820, 824 (Tex.App.-Eastland 2004, no pet.).

---

1. The parties stipulated that Trinity Materials, Inc. and Transit Mix Concrete & Materials Company were the same entity for the purposes of this case. We will collectively refer to the appellants as "Trinity" as did each of the parties.

■ Ordinarily, a general contractor does not owe a duty to ensure that an independent contractor performs its work in a safe manner. *Lee Lewis Const., Inc. v. Harrison,* 70 S.W.3d 778, 783 (Tex. 2001); *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999); *Hoechst–Celanese Corp. v. Mendez,* 967 S.W.2d 354, 356 (Tex.1998). A duty does arise, however, if the general contractor retains some control over the manner in which the independent contractor performs its work. *Lee Lewis,* 70 S.W.3d at 783; *Elliott–Williams,* 9 S.W.3d at 803. A general contractor can retain the right to control an aspect of an independent contractor's work or project so as to give rise to a duty of care to that independent contractor's employees in two ways: by contract or by actual exercise of control. *Lee Lewis,* 70 S.W.3d at 783; *Coastal Marine Serv. of Tex., Inc. v. Lawrence,* 988 S.W.2d 223, 226 (Tex.1999). The general contractor's duty of care is commensurate with the control it retains over the independent contractor's work. Lee Lewis 70 S.W.3d at 783; *Hoechst–Celanese,* 967 S.W.2d at 355.

■ The parties do not contend that Trinity contracted the right to control Johnson's work. Therefore, the question before us is whether Trinity exercised actual control over Johnson's work. For a general contractor to be liable for its independent contractor's acts, it must have the right to control the means, methods, or details of the independent contractor's work. *Elliott–Williams,* 9 S.W.3d at 804; *Coastal Marine,* 988 S.W.2d at 226. The Restatement (Second) of Torts specifically outlines the degree of control necessary to create a duty:

[T]he employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

See RESTATEMENT (SECOND) OF TORTS § 414 cmt. c(1965); *Elliott–Williams,* 9 S.W.3d at 804.

■ Trinity assigned Johnson to repair the brakes on the B–30, but Trinity did not provide detailed instruction on the method or means of how to perform the job. *See Hoechst–Celanese,* 967 S.W.2d at 357. When Johnson had difficulty completing the assigned task, Trinity employees made suggestions and recommendations on how to perform the task. The Trinity employees whom Johnson consulted were not in a supervisory role over Johnson. Johnson alone made the decision to use the heat torch in effort to remove the tire.

■ There was evidence presented that Trinity had the right to stop unsafe acts by independent contractors. Having the right to stop unsafe work is not enough to create a duty of care. *Dow Chem. Co. v. Bright,* 89 S.W.3d 602, 608 (Tex.2002). A general contractor or an employer is not required to stand idly by while another is injured or killed in order to avoid liability. *Id.* However, if a general contractor exercises control by requiring an independent contractor to comply with its safety regulations, the general contractor owes the independent contractor's employees a narrow duty of care that its safety requirements and procedures do not unreasonably increase the probability and severity of injury. *Id.* at 607. Trini-

ty's safety regulations did not increase the probability and severity of injury. Moreover, the jury charge did not include an issue on Trinity's safety regulations and there was no objection to the omission of that issue. *See* Tex.R. Civ. P. 274; *see also State Dept. of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235 (Tex. 1992).

There is no evidence that Johnson was not free to perform "the work in his own way." *See* Section 414 cmt. c; *Elliott–Williams,* 9 S.W.3d at 804. There is no evidence that Trinity approved of Johnson's use of heat to remove the tire. Trinity assigned the task; Johnson ultimately made the decision to perform the task using heat to remove the tire. By assigning the task, offering suggestions on completing the task, and reserving the right to stop unsafe work practices, Trinity did not exercise control over Johnson's work so as to create a duty. Trinity's first issue on appeal is sustained. Because of our disposition of Trinity's first issue on appeal, we need not address Trinity's remaining issues. Tex.R.App. P. 47.1.

The judgment of the trial court is reversed, and judgment is rendered that Darletta Rochelle Johnson, individually, as representative of the estate, and as next friend of the three minor children, take nothing from Trinity.