

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00119-CV
_____

JOYCE DRISKILL AND JAMES DRISKILL, Appellants

V.

FORD MOTOR COMPANY AND TEXAS INSTRUMENTS, INC., Appellees

On Appeal from the 294th Judicial District Court
Van Zandt County, Texas
Trial Court No. 05-00302

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

James and Joyce Driskill's 1993 Lincoln Town Car caught fire in 2003, while turned off and parked in the garage at their house. The fire spread to the Driskills' house, destroying most of their personal belongings. A subsequent investigation determined that the fire originated in the left rear area of the car's engine compartment. Ultimately, the Driskills filed suit in Van Zandt County, Texas,[1] against Ford Motor Company, E. I. du Pont de Nemours and Company,[2] and Sensata Technologies, Inc., formerly known as Texas Instruments, Inc.[3] The Driskills alleged that a defect in the speed control deactivation switch (SCDS) caused the car to catch fire. The trial court granted a motion to exclude the Driskills' expert in part and then granted the motions for summary judgment filed by Ford and Sensata. When the Driskills' motion for new trial was overruled by operation of law, the Driskills appealed.

We affirm the trial court's judgment because (1) the motions for summary judgment complied with Rule 166a(i), (2) there is no evidence of proximate cause, and (3) a res-ipsa-loquitur argument has not been preserved.

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court of Appeals and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]The Driskills nonsuited du Pont before the summary judgment proceedings.

[3]In the interest of convenience, we will refer to Texas Instruments as Sensata regardless of the status of the corporate entity at the relevant times.

Both Ford and Sensata filed no-evidence motions for summary judgment.[4] A no-evidence summary judgment is essentially a pretrial motion for a directed verdict. We, therefore, apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must determine whether the nonmovant produced any evidence of probative force to raise a fact issue on the material questions presented. *Rodriguez*, 92 S.W.3d at 506; *Woodruff v. Wright*, 51 S.W.3d 727, 734 (Tex. App.—Texarkana 2001, pet. denied).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Chapman*, 118 S.W.3d at 751. A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his or her claim. *Id.*; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable

---

[4]Ford's motion for summary judgment is both a no-evidence and traditional motion for summary judgment. Because we do not reach the issue of whether the trial court erred in granting Ford's traditional motion for summary judgment, we will merely recite the standard for a no-evidence motion.

3

reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Chapman*, 118 S.W.3d at 751.

*(1)     The Motions for Summary Judgment Complied with Rule 166a(i)*

The Driskills argue the summary judgment motions did not meet the requirements of Rule 166a(i) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a(i). The Driskills' argument, as we understand it, is that the Driskills have two main complaints: (a) the motions do not allege all the elements the Driskills were required to prove and (b) the motions do not distinguish between manufacturing defect and design defect.

Neither Ford nor Sensata listed all the elements the Driskills were required to prove. Both Ford and Sensata, though, did specifically reference cause-in-fact, an essential element the Driskills were required to prove. Thus, the question is whether Rule 166a(i) of the Texas Rules of Civil Procedure requires the defendant to list all the elements of the cause of action or merely reference the element on which there is no evidence.

A party may move for summary judgment on the ground that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which the nonmovant would have the burden of proof at trial. *See Chapman*, 118 S.W.3d at 750–51. We agree that a motion for summary judgment that fails to present any grounds is legally insufficient as a matter of law, because the rule

4

prohibits "conclusory" or "general" no-evidence motions. *See Bean v. Reynolds Realty Group, Inc.*, 192 S.W.3d 856, 859 (Tex. App.—Texarkana 2006, no pet.); *Meru v. Huerta*, 136 S.W.3d 383, 387 (Tex. App.—Corpus Christi 2004, no pet.). The cases cited by the Driskills do not support the proposition that the movant must list all the elements of the cause of action. Ford and Sensata did specifically allege there was no evidence of cause-in-fact. The motions were not conclusory or general motions.

Although Ford and Sensata did not clearly distinguish between a manufacturing defect and design defect in their summary judgment motions, such a distinction was unnecessary. Cause-in-fact is a requirement common to both theories of product liability. The motions complied with Rule166a(i) of the Texas Rules of Civil Procedure.

*(2)      There Is No Evidence of Proximate Cause*

We next turn to the heart of this case: whether there is evidence of proximate cause.[5]

Because the Driskills brought this products liability[6] suit pleading negligence rather than strict

---

[5]Because we hold herein that there is no evidence of proximate cause, we need not decide whether there is evidence of a product defect. "A product may be unreasonably dangerous because of a defect in manufacturing, design, or marketing." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 Tex. (1998). The Driskills contend there is more than a scintilla of evidence of both a manufacturing defect and a design defect. Ford challenges the evidence supporting a product defect. Sensata does not challenge the existence of a design defect. A manufacturing defect exists "'when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous.'" *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 41 n.16 (Tex. 2007) (quoting *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997)). A design defect exists when a condition of the product renders it "unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use." *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 258 (Tex. 1999) (quoting jury instruction contained in *Turner v. Gen. Motors Corp.*, 584 S.W.2d 844, 847 n.1 (Tex. 1979)).

[6]The Texas Supreme Court has adopted the Second Restatement's standard for products liability. *See Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681 (Tex. 2004); *Martinez*, 977 S.W.2d at 335. The Second Restatement provides:

> (1) one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
> > (a) the seller is engaged in the business of selling such a product, and
> > (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

RESTATEMENT (SECOND) OF TORTS § 402A (1965)). "In other words, a manufacturer shall be held liable if it negligently manufactures a product that, unless carefully designed and manufactured, involves an unreasonable risk of causing harm." *Toshiba Int'l Corp. v. Henry*, 152 S.W.3d 774, 784 (Tex. App.—Texarkana 2004, no pet.). The four elements for a products liability action are:

> (a) the product must be defective; (b) the product must reach the consumer without substantial change from the time it leaves the possession and control of the

liability, the Driskills were required to prove proximate causation.[7] Proximate cause requires proof

of two elements, cause-in-fact and foreseeability. *See Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.

1996). Only the cause-in-fact element is at issue in this case.

The Driskills claim the record contains sufficient circumstantial evidence of proximate cause.

The Texas Supreme Court has long held circumstantial evidence may be used to establish elements

of a products liability case. *See Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 601 (Tex. 2004);

*Darryl v. Ford Motor Co.*, 440 S.W.2d 630, 632 (Tex. 1969). While circumstantial evidence may

be used, expert testimony may be required depending on the facts of the case.

Ford and Sensata claim expert testimony is required in all products liability cases. Expert

testimony "is generally encouraged if not required to establish a products liability claim." *Ledesma*,

242 S.W.3d at 42. In some cases, expert testimony may not be required. Whether expert testimony

is required depends on whether the issue involves matters beyond "the general experience and

common understanding of laypersons." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex.

2006) (expert testimony needed to establish causation in products liability case where plaintiff

_____

> manufacturer or seller; (c) the defective condition of the product must render the
> product unreasonably dangerous; and (d) the unreasonably dangerous condition of
> the product must be the cause of the injury to the user.

*Id.* at 778.

[7]Strict liability requires proof of producing, as opposed to proximate, cause. The Texas Supreme Court has held proximate and producing cause differ in "that proof of proximate cause entails a showing that the accident was foreseeable, while proof of producing cause does not." *Gen. Motors Corp. v. Saenz ex rel. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993).

alleged that defect in truck's fuel and battery systems caused fire); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004) (expert testimony required to establish causation in unintended acceleration case involving possible product defect). Whether a particular issue requires the presentation of expert testimony is an issue of law. *Tamez*, 206 S.W.3d at 583. Thus, whether expert testimony was required depends on whether the theory argued by the Driskills involved issues beyond the general experience and common understanding of laypersons.

The trial court's order excluded the testimony of Bob Dennis only as to the causation of the fire, not its place of origin.[8] As such, there is expert testimony concerning where the fire originated. Dennis testified the fire originated in the left rear portion of the engine compartment. Photographs of the car were introduced into evidence. Due to the intense heat, the SCDS was "burned and melted beyond recognition." In their depositions, James and Joyce Driskill stated that, before the fire, the cruise control had become inoperative.

---

[8]The Driskills' insurance company hired Dennis to investigate the fire. Dennis admitted in his deposition that he was not an engineer and could not testify as to whether the SCDS was the source of the fire. Dennis later retracted this testimony in an affidavit and stated that, after reviewing the National Highway Traffic Safety Administration (NHTSA) reports, he could testify the SCDS was the source of the fire. Ford argues we should not consider Dennis' affidavit because he gave inconsistent answers. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (do not defeat motion for summary judgment by using affidavit which impeaches, without explanation, sworn testimony); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (litigant cannot give one version of facts in deposition, then suddenly remember new "answers" in later affidavit). This is not in issue here, because the Driskills have not challenged on appeal the trial court's ruling limiting Dennis' testimony.

The Driskills argue the record establishes facts meeting the NHTSA criteria for identifying engine compartment fires which were SCDS related. We are concerned that the "criteria" contained in the report established only the parameters of the study data rather than establishing a test for determining the cause of a fire. The report states "ODI used the following criteria to determine whether an incident would be counted as a speed control deactivation switch fire for the purposes of this investigation . . . ." There is a difference between establishing the parameters of a study and establishing criteria or a test to determine the cause of a fire. Even if the report establishes a test, the Driskills are essentially arguing the court can act as an expert by applying the "criteria" to the facts of this case.

There is no expert testimony bridging the analytical gap between the origin of a fire in the left rear area of an engine compartment and the conclusion that the SCDS in that area was the cause-in-fact of the fire. While the evidence creates a strong suspicion that the defect caused the fire, the suspicion is just that, a suspicion. In *Tamez*, the Texas Supreme Court held that circumstantial evidence establishing, among other things, a design defect containing a possible ignition source was not more than a scintilla of evidence of the actual cause-in-fact of the fire. *Id.* at 583–84. Whether the SCDS caused the fire involves complex questions of chemistry, electrical engineering, and hydraulic engineering. The issue is beyond the general experience and common understanding of a layperson. Expert testimony was required to establish the SCDS was the cause-in-fact of the fire. Because the Driskills presented no expert testimony on causation other than the location of the origin

9

of the fire, there is less than a scintilla of evidence that the SCDS was the cause-in-fact of the fire in this case. The trial court did not err in granting Ford's and Sensata's no-evidence motions for summary judgment.

The Driskills' gross negligence claim fails for the same reasons as its negligence claim. A defendant "cannot be grossly negligent without being negligent." *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied); *see Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Because there is no evidence of causation, the trial court did not err in granting summary judgment on the gross negligence claims.

*(3)    A Res-Ipsa-Loquitur Argument Has Not Been Preserved*

In the alternative, the Driskills argue that the doctrine of res ipsa loquitur applies to this case. The Driskills, though, failed to raise res ipsa loquitur in their response to the motions for summary judgment. As argued by Sensata,[9] the Driskills cannot raise res ipsa loquitur for the first time on appeal. A summary judgment cannot be reversed on appeal based on an issue that was not expressly and timely presented to the trial court by written response or other document. TEX. R. APP. P. 33.1; TEX. R. CIV. P. 166a(c); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.

---

[9]Ford cites *Prieto v. Val Verde Memorial Hospital*, 747 S.W.2d 487, 489 (Tex. App.—San Antonio 1988, no writ), for the proposition that res ipsa loquitur must be pled in the plaintiff's petition. It is not necessary for us to decide whether res ipsa loquitur must be pled.

1979). Because the Driskills failed to raise the issue in the trial court, this argument is not preserved for appellate review.

Because the trial court did not err in granting Ford's and Sensata's no-evidence motions for summary judgment, it is not necessary to consider whether the trial court erred in granting Ford's traditional motion for summary judgment or whether the component part manufacturer doctrine shields Sensata from liability.[10] We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 10, 2008
Date Decided:       October 17, 2008

---

[10]According to Sensata, the design defect did not originate in the component part it manufactured; rather, the design defect originated in Ford's design incorporating the component part. *See Henry*, 152 S.W.3d at 779. Because there is no evidence of causation, it is not necessary to decide this issue.