

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00046-CV

**BOBBIE AND MICHAEL LYON,**

**Appellants**

**v.**

**ATICO INTERNATIONAL USA, INC.,**

**Appellee**

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2006-1859-4**

## MEMORANDUM  OPINION

Bobbie and Michael Lyon sued Atico International, USA, Inc. for products liability based on a fall Bobbie sustained when sitting on a portable picnic table manufactured by Atico. The trial court granted Atico's no-evidence motion for summary judgment. On appeal, the Lyons argue that the trial court erred by: (1) granting Atico's motion; and (2) sustaining Atico's objections to their summary judgment evidence and excluding the evidence. We affirm.

**ANALYSIS**

In issue one, the Lyons challenge the granting of Atico's no-evidence motion for summary judgment. In issues two, three, and four, they challenge the exclusion of three paragraphs of Michael's affidavit. In issue five, they challenge the exclusion of excerpts from Bobbie's deposition testimony.

**Evidentiary Issues**

We consider the Lyons's evidentiary issues first to determine which evidence we may consider when addressing the merits. *See Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 240 (Tex. App.—Waco 2003, no pet.). In doing so, we apply an abuse-of-discretion standard. *See Rosas v. Hatz*, 147 S.W.3d 560, 563 (Tex. App.—Waco 2004, no pet.).

The trial court excluded three paragraphs of Michael's affidavit:

> It was obvious that the structure of the corner of the picnic table that collapsed was not sufficiently strong to support my wife when she sat on it. I am aware of no other explanation that would explain the collapse. I had observed the picnic table earlier that day and it did not appear damaged or modified in any way.

> My weight in May, 2004 was probably in the neighborhood of 240 pounds. I believe a significant percentage of the adults, particularly males, that live in McLennan County, Texas exceed 160 pounds. While the percentage is probably lower, I believe a significant number of adult women in this area also exceed 160 pounds. In my opinion, in May, 2004 Bobbie Lyon probably weighed 160 pounds and maybe a little more.

> It is my observation and common knowledge that all other seats in this area, including those made of plastic and aluminum are designed and manufactured to support people whose weight exceeds 160 pounds. Prior to May, 2004 it would never have occurred to me that a seat designed and manufactured for adult use would have a maximum chair weight load of only 160 pounds.

The trial court excluded Bobbie's deposition testimony as to "what caused the alleged accident or how the alleged accident could have been avoided."

We first note that Bobbie merely testified to the purchase of the table, the facts surrounding the accident, and her alleged injuries. Her testimony does not address the cause of the accident or how it could have been avoided. Thus, we overrule issue five.

As for Michael, his testimony regarding the table's structural integrity at the time of the accident was properly excluded because he did not observe the accident. *See* TEX. R. EVID. 701 (Lay witness testimony must be rationally based on the perception of the witness); *see also Bd. of Trs. of the Fire & Police Retiree Health Fund v. Towers, Perrin, Forster & Crosby, Inc.*, 191 S.W.3d 185, 193 (Tex. App.—San Antonio 2005, pet. denied) ("The perception underlying the lay witness's testimony may be what was seen, heard, smelled, tasted, touched or felt;" Rule 701 "presumes the witness observed or experienced the underlying facts"). His testimony regarding the weight of other men and women in the county and the structural stability of other seats in the county is also incompetent summary judgment evidence. *See Towers*, 191 S.W.3d at 193; *see also Texas Division-Tranter v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) ("[S]ubjective beliefs are no more than conclusions and are not competent summary judgment evidence."); *Residential Dynamics, LLC v. Loveless*, 186 S.W.3d 192, 198 (Tex. App.—Fort Worth 2006, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion.").

The remainder of the excluded portions of Michael's affidavit is rationally based on Michael's observations and experiences. *See Towers*, 191 S.W.3d at 193; *see also Montez v. Bailey County Elec. Coop.*, 397 S.W.2d 108, 111 (Tex. Civ. App.—Amarillo 1965, writ ref'd n.r.e.) ("Estimates of age, size, weight, distance, etc. made by qualified witnesses are generally held to be admissible"). Because these portions were improperly struck, we sustain issues two, three, and four in part.

### No-Evidence Motion

We review a no-evidence summary judgment under the same standard of review as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. A no-evidence summary judgment will be defeated if the non-movant produces some evidence "raising an issue of material fact" on the elements challenged by the movant. *Id.*

A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In addition to showing a "deviation from specifications or planned output," the plaintiff must show that the product was defective when it left the manufacturer and that the defect was a producing cause of the plaintiff's injuries. *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 41-42 (Tex. 2007). Producing cause must be (1) a substantial cause of the

event in issue and (2) a but-for cause, namely one without which the event would not have occurred. *Id*. at 46.

The Lyons argue that they have raised fact issues as to causation. We disagree. "Requiring proof of a deviation from manufacturer specifications or planned output [] comports with our recognition that expert testimony is *generally encouraged if not required to establish a products liability claim.*" *Ledesma*, 242 S.W.3d at 42 (emphasis added). Expert testimony is required unless "general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition." *Tamez*, 206 S.W.3d at 583; *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 204 (Tex. App.—Texarkana 2008, no pet.). Whether expert testimony is required is a question of law. *Tamez*, 206 S.W.3d at 583.

The Lyons have neither shown a "deviation from specifications or planned output" nor ruled out other possible causes, such as a design defect.[1] *See Ledesma*, 242 S.W.3d at 41-42; *see also Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006) (Fact that tire failed was insufficient to establish a manufacturing defect, as such a failure could have been caused by a design defect). Moreover, Bobbie's testimony that she has suffered injuries as a result of the accident is merely her subjective belief, especially in light of her testimony suggesting that her pain could be affected by the natural aging process and arthritis. *See Carrozza*, 876 S.W.2d at 314; *see also Praytor v.*

---

[1] The Lyons alleged a design defect, but Atico's no-evidence motion also challenged this claim. The Lyons do not appeal on this basis.

*Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (Expert testimony was warranted where record showed that injuries could have resulted from more than one cause). The evidence merely creates a suspicion that a manufacturing defect caused the table to collapse, thereby causing Bobbie's alleged injuries. *See Driskill*, 269 S.W.3d at 205. Under these facts, causation is not within a layperson's general experience and common understanding; thus, expert testimony was required to establish a manufacturing defect. The Lyons offered no expert testimony.

Accordingly, we cannot say that the Lyons have raised a fact issue as to whether the table was defective or any defect was a producing cause of the alleged injury. *See Ridgway*, 135 S.W.3d at 600; *see also Ledesma*, 242 S.W.3d at 41-42. Issue one is overruled.

The trial court's judgment is affirmed.


                                        FELIPE REYNA
                                        Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed June 24, 2009
[CV06]