**Opinion filed October 1, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00045-CV**

_____

**CRUZ DOMINGUEZ AS NEXT FRIEND OF ALEX
DOMINGUEZ, A MINOR, Appellant**

**V.**

**WALGREEN COMPANY, Appellee**

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV 44,890**

**M E M O R A N D U M   O P I N I O N**

Cruz Dominguez filed suit against Walgreen Company for injuries her son, Alex Dominguez, received in an escalator incident in a Walgreen's store. The trial court granted Walgreen's motion for summary judgment, and Dominguez appeals. We affirm.

On December 14, 1990, Cruz Dominguez went into Walgreens with her son, Alex, who was five years old at the time. Cruz's younger son, Andrew, and her eighteen-year-old niece also accompanied them to the store. Cruz was returning Christmas lights when she noticed that Alex was

no longer beside her. Cruz heard screaming and went to the escalator where she found Alex. Alex was crying, and he said that he fell and his hand got caught in the escalator. The escalator had cut the skin on the top of Alex's hand. A security guard took Cruz and Alex to the hospital.

Cruz originally filed suit against Walgreen in May 1991; however, she filed a nonsuit in that case. Cruz refiled the suit in December 1998 and again filed a nonsuit in June 2000. She filed suit in February 2002 and then filed a nonsuit in May 2003. The current suit was filed in December 2004, and in it, Cruz alleged negligence on the part of Walgreen. Walgreen filed its motion for summary judgment in April 2007, and the trial court granted the motion on October 22, 2007.

In her sole issue on appeal, Cruz argues that the trial court erred in granting Walgreen's motion for summary judgment. A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

Negligence consists of three essential elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. Duty is the threshold inquiry. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987); *Transit Mix Concrete & Materials Co. v. Johnson*, 205 S.W.3d 92, 94 (Tex. App.—Eastland 2006, pet. denied). The parties agree that Cruz and Alex were invitees on the Walgreen's premises. Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose

2

unreasonable risks of harm. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty does not render the premises owner an insurer of the invitee's safety. *Wal-Mart Stores, Inc.*, 968 S.W.2d at 936. To prove a claim of premises liability, an appellant must show that (1) appellee had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) appellee did not exercise reasonable care to reduce or to eliminate the unreasonable risk of harm, and (4) appellee's failure to use reasonable care to reduce or to eliminate the unreasonable risk of harm proximately caused appellant's injuries. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).

The summary judgment evidence shows that the escalator was working properly on the day of the accident. There is no evidence of escalator malfunction at the time of the accident. There is nothing in the summary judgment evidence that indicates that the properly working escalator posed an unreasonable risk of harm. Cruz did not establish that Walgreen breached its duty of care.

Cruz argues for the first time on appeal that the doctrine of res ipsa loquitor applies to the claims. Res ipsa loquitur applies "in certain limited types of cases when the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence to support such a finding." *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990). The res ipsa loquitur doctrine applies only when two factors are proved: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Id*. Res ipsa loquitur is not a separate cause of action for negligence; instead, it is a rule of evidence by which negligence may be inferred by the jury. *Id*.

Alex wandered away from his mother, fell down, and injured his hand on an escalator. There is no evidence that the escalator malfunctioned. The accident is not such that would occur only due to negligence. The res ipsa loquitur doctrine is inapplicable in this case. Moreover, Cruz failed to raise res ipsa loquitur in the response to the motion for summary judgment. Cruz cannot raise res ipas loquitur for the first time on appeal. *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App.—Texarkana 2008, no pet.). A summary judgment cannot be reversed on appeal based on an issue that was not expressly and timely presented to the trial court by written response or other document. TEX. R. APP. P. 33.1; Rule 166a(c); *see City of Houston*, 589 S.W.2d at 677; *Driskill*,

3

269 S.W.3d at 206. Cruz did not preserve this complaint for review. Cruz's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


October 1, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.