Opinion filed October 1, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 1,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00045-CV 

                                           __________

 

                      CRUZ DOMINGUEZ AS NEXT FRIEND OF ALEX 

                                 DOMINGUEZ,
A MINOR, Appellant

 

                                                             V.

 

                                   WALGREEN
COMPANY, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CV 44,890

 



 

                                              M
E M O R A N D U M   O P I N I O N                      

 

Cruz
Dominguez filed suit against Walgreen Company for injuries her son, Alex
Dominguez, received in an escalator incident in a Walgreen=s store.  The trial court
granted Walgreen=s
motion for summary judgment, and Dominguez appeals.  We affirm.  








On
December 14, 1990, Cruz Dominguez went into Walgreens with her son, Alex, who
was five years old at the time.  Cruz=s
younger son, Andrew, and her eighteen-year-old niece also accompanied them to
the store.  Cruz was returning Christmas lights when she noticed that Alex was
no longer beside her.  Cruz heard screaming and went to the escalator where she
found Alex.  Alex was crying, and he said that he fell and his hand got caught
in the escalator.  The escalator had cut the skin on the top of Alex=s hand.  A security guard
took Cruz and Alex to the hospital.  

Cruz
originally filed suit against Walgreen in May 1991; however, she filed a
nonsuit in that case.  Cruz refiled the suit in December 1998 and again filed a
nonsuit in June 2000.  She filed suit in February 2002 and then filed a nonsuit
in May 2003.  The current suit was filed in December 2004, and in it, Cruz alleged
negligence on the part of Walgreen.  Walgreen filed its motion for summary
judgment in April 2007, and the trial court granted the motion on October 22,
2007.

In
her sole issue on appeal, Cruz argues that the trial court erred in granting
Walgreen=s motion for
summary judgment.  A trial court must grant a motion for summary judgment if
the moving party establishes that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c);  Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991).  In order for a defendant to be entitled to
summary judgment, it must either disprove an element of each cause of action or
establish an affirmative defense as a matter of law.  Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Once the movant establishes a
right to summary judgment, the nonmovant must come forward with evidence or law
that precludes summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678‑79 (Tex. 1979).  When reviewing a traditional summary
judgment, the appellate court considers all the evidence and takes as true
evidence favorable to the nonmovant.  Am. Tobacco Co., 951 S.W.2d at
425; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex.
1985).  The appellate court Amust
consider whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all of the evidence presented@ and may not ignore Aundisputed evidence in the record that cannot
be disregarded.@  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).








Negligence
consists of three essential elements:  (1) a legal duty owed by one person to
another;  (2) a breach of that duty;  and (3) damages proximately resulting
from the breach.  Duty is the threshold inquiry.  El Chico Corp. v. Poole,
732 S.W.2d 306, 311 (Tex. 1987); Transit Mix Concrete & Materials Co. v.
Johnson, 205 S.W.3d 92, 94 (Tex. App.CEastland
2006, pet. denied).  The parties agree that Cruz and Alex were invitees on the
Walgreen=s premises. 
Premises owners and occupiers owe a duty to keep their premises safe for
invitees against known conditions that pose unreasonable risks of harm.  CMH
Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000); Wal-Mart Stores,
Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998).  This duty does not
render the premises owner an insurer of the invitee=s safety.  Wal-Mart Stores, Inc., 968
S.W.2d at 936. To prove a claim of premises liability, an appellant must show
that (1) appellee had actual or constructive knowledge of some condition on the
premises, (2) the condition posed an unreasonable risk of harm, (3) appellee
did not exercise reasonable care to reduce or to eliminate the unreasonable
risk of harm, and (4) appellee=s
failure to use reasonable care to reduce or to eliminate the unreasonable risk
of harm proximately caused appellant=s
injuries. LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex. 2006).             The
summary judgment evidence shows that the escalator was working properly on the
day of the accident.  There is no evidence of escalator malfunction at the time
of the accident.  There is nothing in the summary judgment evidence that
indicates that the properly working escalator posed an unreasonable risk of
harm.  Cruz did not establish that Walgreen breached its duty of care. 

Cruz
argues for the first time on appeal that the doctrine of res ipsa loquitor
applies to the claims.  Res ipsa loquitur applies Ain certain limited types of cases when the
circumstances surrounding the accident constitute sufficient evidence of the
defendant=s negligence
to support such a finding.@ 
Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).  The res ipsa
loquitur doctrine applies only when two factors are proved:  (1) the character
of the accident is such that it would not ordinarily occur in the absence of
negligence and (2) the instrumentality causing the injury is shown to have been
under the management and control of the defendant.  Id.  Res ipsa
loquitur is not a separate cause of action for negligence; instead, it is a
rule of evidence by which negligence may be inferred by the jury.  Id.








Alex
wandered away from his mother, fell down, and injured his hand on an
escalator.  There is no evidence that the escalator malfunctioned.  The
accident is not such that would occur only due to negligence.  The res ipsa
loquitur doctrine is inapplicable in this case.  Moreover, Cruz failed to raise
res ipsa loquitur in the response to the motion for summary judgment.  Cruz cannot
raise res ipas loquitur for the first time on appeal.  Driskill v. Ford
Motor Co., 269 S.W.3d 199, 206 (Tex. App.CTexarkana
2008, no pet.).  A summary judgment cannot be reversed on appeal based on an
issue that was not expressly and timely presented to the trial court by written
response or other document.  Tex. R. App.
P. 33.1; Rule 166a(c); see City of Houston, 589 S.W.2d at 677; Driskill,
269 S.W.3d at 206.  Cruz did not preserve this complaint for review.  Cruz=s sole issue on appeal is
overruled.

The
judgment of the trial court is affirmed.  

 

                                                                                                                                                            

JIM R. WRIGHT

CHIEF JUSTICE

 

October 1, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.