ACCEPTED
06-14-00230-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/26/2015 11:19:47 AM
DEBBIE AUTREY
CLERK

No. 06-14-00230-CR

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/26/2015 11:19:47 AM
DEBBIE AUTREY
Clerk

In the Texas Court of Appeals
Sixth Judicial District at Texarkana

_____

**Nick Nima Feizy,**

**Appellant,**

**v.**

**The State of Texas,**

**Appellee.**

_____

On Appeal from County Court at Law No. 4
Collin County, Texas
Cause No. 004-80265-2014

_____

**APPELLANT'S REPLY BRIEF**

_____

Charles "Chad" Baruch
Texas Bar Number 01864300
THE LAW OFFICE OF CHAD BARUCH
3201 Main Street
Rowlett, Texas 75088
Telephone: (972) 412-7192
Facsimile:   (972) 412-4028
Email: baruchesq@aol.com

Jim Burnham
Texas Bar Number 03441000
JIM BURNHAM, ATTORNEY AT LAW
6116 N. Central Expy., Ste. 515
Dallas, Texas 75206
Telephone: (214) 750-6616
Facsimile: (214) 750-6649
Email: jim@jburnhamlaw.com

*Counsel for Appellant*

# Table of Contents

Table of Contents................................................................................................ i

Index of Authorities........................................................................................... i

Reply Argument ................................................................................................1

Prayer.................................................................................................................5

Certificate of Compliance..................................................................................6

Certificate of Service ........................................................................................6

# Index of Authorities

## Cases

*Brooks v. State*,
  323 S.W.3d 893 (Tex. Crim. App. 2010) ............................................... 1

*Driskill v. Ford Motor Co.*,
  269 S.W.3d 199 (Tex. App.—Texarkana 2008, no pet.)....................... 1

*King Ranch, Inc. v. Chapman*,
  118 S.W.3d 742 (Tex. 2003) ................................................................ 1

## Reply Argument

In the civil context, evidence is legally sufficient where it exceeds a "mere scintilla." *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 202 (Tex. App.—Texarkana 2008, no pet.) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.2d 742, 751 (Tex. 2003). But in the criminal context, "only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction. There is no higher burden of proof in any trial . . . ." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring, in which Womack, J., joined).

The State relies principally on the 911 tape and testimony from the officers in arguing sufficiency. And, in the civil context, that would be enough. But in this criminal case, the 911 tape, the officers, and Lauren presented three different and, in critical respects, conflicting stories to the jury. These conflicting stories only undermine confidence in the jury's verdict.

Lauren's trial testimony was unambiguous. She testified that the assault consisted of Nick "pinching" her with his hands and "poking" her

1

with the blunt end of a dental tool.[1] When asked under oath where Nick pinched and poked her, Lauren responded: "I know it was on my stomach and side, my back."[2]

Contrary to the State's contention, Lauren testified to only one visible injury—to her neck. The State asked Lauren point-blank: "Did you have any visible marks on your body?" She replied: "On my neck."[3] Lauren never testified about any other injuries or visible marks on her body. And at no point in her extensive trial testimony, either on direct or cross-examination, did Lauren say that Nick did anything her neck; the only time Lauren even used the word "neck" was in referring to redness that she never explained.[4]

Of course, as the State notes, the officers saw and photographed what they called "scratches" on Lauren's right side and back.[5] The State introduced photographs of these "scratches."[6] In actuality, the photographs reveal abrasions—wider and more superficial than scratches. They would more accurately be described as scrapes.

Nothing in the evidence—not Lauren's testimony, not the officers' testimony, not the 911 tape—explains how Nick's alleged "pinching" and

---

[1] 5 R.R. 66-67.
[2] 5 R.R. 66.
[3] 5 R.R. 69.
[4] 5 R.R. 69.
[5] 5 R.R. 48, 54.
[6] 8 R.R. 5-11.

"poking" could have caused these wide abrasions. Even the most cursory review of the photographs reveals that the State's explanation[7] of long fingernails could not possible account for these wide, superficial abrasions. The State also relies heavily on Lauren's testimony that Nick "dug his fingers in" when pinching her.[8] Again, however, this could not account for the abrasions. It was not enough for the State to prove that Lauren **had** injuries; the State had to prove that Nick **caused** those injuries. In this, the State failed.

This leaves Lauren's conclusory testimony about pain. When asked if Nick caused her pain, Lauren replied: "Yes."[9] She did not explain what caused her pain, how it caused her pain, or even whether the pain was physical or emotional. This one-word answer falls far short of the "character, weight, and amount" necessary to support the jury's finding of bodily injury.

The State also defends the sufficiency of the evidence based on Lauren's statement, made during her 911 call, that: "[Nick] pinched me in the neck . . . ."[10] But this conflict between Lauren's statement during the 911 call and her trial testimony only undermines confidence in the weight and quality of the evidence. During trial, the redness on Lauren's neck was

---

[7] State's Brief at 18.
[8] 5 R.R. 66-68.
[9] 5 R.R. 68.
[10] State's Brief at 4 (citing SX8-1).

front and center. The officers discussed it, the photographs depicted it, Lauren testified it was the only visible injury on her body, and even Nick spoke about it. Yet despite the obvious centrality of this injury, Lauren never testified that Nick did anything to her neck. Far from supporting the jury's verdict, this discrepancy between the 911 call and the trial testimony vastly undermines confidence in it.

This discrepancy is especially troubling because of Lauren's willingness to testify against Nick. This is not a situation, as in many domestic violence prosecutions, where the State must rely on 911 tapes and officer testimony because the victim has been intimidated into silence. Here, Lauren willingly flayed Nick with her trial testimony. In this circumstance, any discrepancy between her trial testimony and what she told the 911 operator and officers vastly undermines confidence in the verdict.

Finally, all of this occurs against the troubling backdrop of Lauren's effort to use a family violence finding to obtain sole managing conservatorship of the child and move away from Texas without Nick's consent.[11] Lauren contacted her divorce attorneys, The Parker Firm, before accusing Nick of assault.[12] The firm's website contains instructions on using a finding of family violence to gain sole managing conservatorship in a

---

[11] 6 R.R. 14, 55-56.
[12] 5 R.R. 86.

custody battle.[13] Just a week after contacting this firm, Lauren alleged that Nick assaulted her.

In the end, the State proved beyond any measure of doubt that Lauren had injuries; the photographs depict redness on her neck and abrasions on her back and side. But the State failed to introduce evidence of the "character, weight, and amount" necessary to support the jury's finding of bodily injury. As a result, the evidence does not support the conviction.

**Prayer**

Because the conviction rests on legally insufficient supporting evidence, this Court should reverse the trial court's judgment and render a judgment of acquittal.

Respectfully submitted,

/s/Charles "Chad" Baruch
Texas Bar Number 01864300
THE LAW OFFICE OF CHAD BARUCH
3201 Main Street
Rowlett, Texas 75088
Telephone: (972) 412-7192
Facsimile: (972) 412-4028
Email: baruchesq@aol.com

*Counsel for Appellant*

---

[13] 6 R.R. 60.

**Certificate of Compliance**

This brief was prepared using Microsoft Word for Mac. Relying on the word count function in that software, I certify that this brief contains 946 words (excluding the cover, tables, signature block, and certificates).

/s/Charles "Chad" Baruch

**Certificate of Service**

The undersigned certifies that a true and correct copy of this instrument was served this 26th day of May, 2015, by efiling and email, upon the following counsel of record for appellees:

John Rolater
Texas Bar Number 00791565
Assistant Criminal District Attorney
OFFICE OF THE COLLIN COUNTY DISTRICT ATTORNEY
2100 Bloomdale Road, Suite 200
McKinney, Texas 75071
jrolater@co.collin.tx.us

/s/Charles "Chad" Baruch